## Case No. 16,436.

### UNITED STATES v. TAYLOR.

[4 Cranch, C. C. 338.] 1

Circuit Court, District of Columbia. Sept. Term, 1833.

MURDER — DYING DECLARATIONS — NEW TRIAL — CHANGE OF VENUE.

1. The dying declarations of the deceased, made in contemplation of death, may be given in evidence.

2. A new trial was granted, after conviction of murder, upon newly-discovered evidence, and the venue was changed.

Indictment for murder.

The dying declarations of the deceased were given in evidence against the prisoner

(nem. con.), it having been proved that the surgeon had informed the deceased that he believed the wound to be mortal; and the deceased, having desired to see a priest, and declared he had received his death-wound.

After conviction, upon newly-discovered evidence that the deceased had a dirk, and said, if it had not been for that, this affair would not have happened, a new trial was granted, and the trial removed to Alexandria, where the prisoner was found guilty of manslaughter.

## Case No. 16,437.

### UNITED STATES v. TAYLOR.

[4 Cranch, C. C. 731.] 1

Circuit Court, District of Columbia. Oct. Term, 1836.

QUASHING INDICTMENT—PRACTICE—CRIMINAL STATUTES.

1. In a criminal prosecution the court will not hear a motion to quash the indictment until the defendant has been taken.

2. When a statute creates an offence, and directs the particular mode of prosecution, that mode must be pursued.

The defendant [William Taylor] was indicted for playing at cards in a public place, contrary to the statute of Virginia, of December 8, 1792, § 5, which imposes a fine of $20 upon conviction before a justice of the peace, to be levied by distress and sale of the offender's goods by warrant from the justice.

Mr. Neale, for defendant, at the last term, before the defendant was taken, offered to move the court to quash the indictment.

But THE COURT (THRUSTON, Circuit Judge, contrà) refused to hear the motion until the defendant should be taken.

The defendant being now taken, Mr. Neale moved the court to quash the indictment, upon the ground that the only mode of recovery of the penalty prescribed by the statute is by a conviction before a justice of the peace; according to the case of U. S. v. Simms, 1 Cranch [5 U. S.] 252.

And upon that ground THE COURT quashed the indictment.