HENRY TABOR V. THE STATE.

*No. 761.   Decided June 22.*

1. **Constitutional Law—Amendment to Penal Code—Title to Acts of.**—An Act of the Legislature which, in its title, amends the Penal Code simply by reference to the code articles, is valid, and not obnoxious to article 3, section 35, of the Constitution, which requires that the caption or title of legislative acts shall embrace the subject matter.

2. **Same—Theft of Hog.**—By the Act of March 15, 1893, entitled, "An act to amend articles 747 and 748, chapter 11, title 17, of the Penal Code," the word "hog" is taken out of article 748, and transferred to article 747, where, in conjunction with cattle, its theft is made per se a felony. *Held*, no incongruity in uniting the animals "cattle" and "hogs" in the same article, and by this legislation making the theft of hogs a felony, regardless of value; and that such legislation could not operate a surprise either upon the public or the Legislature.

3. **Same—Title to Legislative Acts—How Construed.**—Ordinarily when the Legislature has acted in the selection of a title, their power to do so and to embrace legislation within such caption is construed liberally in favor of the constitutionality of the enactment.

4. **Confession Made at Examining Trial Held by a Magistrate who is Owner of the Stolen Animals.**—A written statement or a confession by defendant at his examining trial is not inadmissible as evidence against him because the magistrate holding the examining trial was owner of the animals defendant was charged with stealing, and such confession is admissible as one made in the course of a judicial proceeding, provided such statement was made after defendant was legally cautioned before making it.

5. **Theft of Hogs—Evidence as to Previous Family Quarrel, etc.**—On a trial for theft of hogs, it was not error for the court to refuse to permit defendant to cross-examine the prosecutor as to details of family quarrels antedating and not in anywise connected with the theft.

6. **Same—Evidence of Card Playing, etc., by Parties Having Defendant in their Charge.**—On a trial for hog-theft, it was not error for the court to refuse to permit defendant to prove, that on the night preceding the trial the parties who had him in charge as a prisoner were drinking wine and playing cards, such evidence being wholly irrelevant to the case.

7. **Theft of a Hog—Evidence—Election.**—On the trial for theft of a hog, where there is testimony, admitted without objection, showing that another hog was lost by the owner, but the evidence at most was exceedingly meager connecting defendant with the taking of more than one hog, and he was found in possession of the meat of one hog only, and he only admitted the killing of one hog, *Held*, the court did not err in refusing to require the State to elect as to which hog a conviction would be claimed.

APPEAL from the District Court of Kendall.   Tried below before Hon. EUGENE ARCHER.

This appeal is from a conviction for hog theft, the punishment being assessed at imprisonment for two years in the penitentiary.

The indictment simply alleged the theft of a hog in general terms, without alleging any "value," and was brought under the Act of March 15, 1893, which makes hog theft a felony per se without reference to value.

Defendant moved to quash the indictment, for the following reasons, viz:

"The amendatory Act of the Twenty-third Legislature, amending only by a caption, naming the title and article, could not insert in either article foreign subject matter to that expressed in each; and having taken the subject matter 'hog' out of article 748, and inserted it in article 747, where the subject matter was only 'cattle,' the same could not be done, and was foreign to said subject matter in said article cattle, and said act is therefore void.

"The said Act of the Twenty-third Legislature, taking the subject matter hog out of article 748, where and by which the caption of the bill proposed to amend it, and inserting it in the article the subject matter of which is cattle, in contravention of the caption and title of the bill, the said act is therefore unconstitutional and void."

This motion was overruled. At the trial the State, over the objection of defendant, was permitted to read in evidence defendant's written statement made at his examining trial, which statement is as follows:

"Evidence of Henry Tabor: 'On Friday, the 4th of May, I killed a hog near my camp, and after I had killed it I found out that it belonged to A. B. Short. I killed the hog about 2 or 3 o'clock in the evening. I skinned the hog; would have scalded it, but had nothing to scald it in. When I skinned the hog I took the skin and hid it, to keep the said A. B. Short from finding it. I hid the hide near the river in a drift. I took the meat of the hog and hid it in the brush in a hollow. I had the meat covered up with rocks. The meat that Henry Piper brought to my camp I think was the same that I hid in the hollow. I threw the head in the hollow, about 300 yards from where I hid the meat. I shot the hog in the head, and it came out below the shoulder. The drag and blood we saw this morning is not the drag of one I killed. My father told me that he had about ten head of hogs in the woods, and some unmarked; told me if I saw any of them to kill them. I didn't know that the hog was A. B. Short's until he came and drove them off. I don't know if I had any of that meat or not, but I had fresh meat for supper last night.

'''H. A. Tabor.'

"I hereby certify that the above was sworn to and subscribed before me this 5th day of May, 1894.          "A. B. Short,
          "Justice of the Peace, Precinct No. 3, Kendall County."

To the introduction of which in evidence to the jury the defendant by his counsel objected on the following grounds, viz:

"1. The said A. B. Short was interested in the prosecution, being the owner of the hog, and was the injured party, and therefore could not sit as judge or require the defendant to plead, and the whole pro-

ceedings were a nullity, and said statement was worthless and of no good in any capacity.

"2. Said statement did not of itself show the cause in which the same was made, nor the style and number of the case in which it was taken.

"3. The said statement did not appear from the face of it to show that said defendant Henry Tabor was sworn before he made the same.

"4. The said statement was made while said Henry Tabor was under arrest, and was not fully and fairly made without compulsion or persuasion; all of which objections the court overruled and permitted said statement to be used in evidence to the jury, and to the action of the court in so doing defendant tenders this bill of exception and asks that the same be signed, sealed, and made a part of the record in this cause, which is done."

This bill is given with the following qualification: "Said statement was not introduced by the State in evidence until defendant had, on cross-examination of State witnesses, introduced oral statements made by the defendant in regard to what was said at said time."

The judge ruled, that he would not allow the statement to go in evidence as a judicial instrument proving itself, but would permit the statement to go to the jury with the other testimony in the case as to whether or not it was the true statement of defendant, and upon this ruling of the judge the State attempted to prove up and establish the statement as it was, and the defendant by cross-examination attempted to show it was not the statement of defendant.

The witness A. B. Short being upon the stand and testifying for the State, having been fully examined by the State as to what he said and and those with him said and did to defendant after arresting him, and from the date of the arrest until and including the examining trial before said A. B. Short, the said A. B. Short was turned over by the State to be cross-examined by the defendant's counsel, and so being turned over to be cross-examined, defendant's counsel proposed to ask said A. B. Short if he did not have malice against the family of defendant, including him, and if it had not originated because of said witness having taken a sow from the father of defendant and had cut the ears off, and that the father of defendant stated to said A. B. Short, that the said sow was his sow and that he was certain of it, but that he would let her go, though it was his sow; and that at another time the said A. B. Short had taken some 200 cedar posts, the property of the father of defendant, without his consent, and the father of defendant had charged said A. B. Short with the theft of the same; and that each and all of these occurrences were about a year before the date defendant is alleged to have taken said hog, and that for these things malice existed against defendant on the part of said A. B. Short; that the district attorney objected to the introduction of this testimony as irrelevant and immaterial, and the court sustained the said objection,

and ruled the same out as irrelevant and immaterial evidence in the case.

Defendant's seventh ground of error is as follows: "The witness A. B. Short being upon the witness stand and testifying for the State, having been fully examined by the State as to what he said and did from the arrest of defendant up to and including the trial, and after having fully stated the same, he was turned over by the State to the defendant to be cross-examined, and upon such cross-examination the defendant asked the said A. B. Short the following question: 'Did you or those with you drink any wine or intoxicating liquors at the time you had the defendant under arrest, and at the time you are testifying about?' to which question the said A. B. Short replied, yes, they drank Texas wine. Defendant's counsel then asked, 'How much did you drink?' The district attorney objected to this question and the answer sought to be elicited thereby, because the same was irrelevant and immaterial. The court sustained such objection, and refused to permit said witness to answer; to all of which the defendant objected."

Defendant's eleventh ground for error is as follows: "The testimony of the State being in, and the State having rested on its evidence, the defendant moved the court to require the district attorney to select which one of the two hogs developed in the testimony—the one whose skin had been found by Frank Covey on Tuesday, that had been killed a day or two before, or the one killed on Friday thereafter—as the State could not try him on both cases on the indictment alleging the theft of only one hog. This the court declined to do, and permitted the State to go to the jury on the evidence as it was; to all of which the defendant excepted."

*John Dowell*, for appellant.—1. The court erred in overruling defendant's motion to quash the indictment. Article 748, title 17, chapter 11, of Willson's Criminal Laws, is as follows: "Theft of Sheep, Hogs, etc.—How Punished.—If any person shall steal any sheep, hog, or goat, he shall, if the value of the property is twenty dollars or over, be punished by confinement in the penitentiary not less than two nor more than five years. If the value of the property is under twenty dollars, he shall be punished by imprisonment in the county jail not exceeding one year, during which time the prisoner may be put to hard work, and by fine not exceeding five hundred dollars, or by such imprisonment without fine."

Article 747 of same title and chapter is as follows: "Theft of Cattle.—If any person shall steal any cattle, he shall be punished by confinement in the penitentiary not less than two years nor more than five."

The Act of the Twenty-third Legislature amending these articles, page 25, is as follows:

"Theft—Cattle, Hog, Sheep, or Goat—a Felony.

"Chapter 26.—(H. B. No. 26.) An act to amend articles 747 and 748, chapter 11, title 17, of the Penal Code.

"Section 1. Be it enacted by the Legislature of the State of Texas: That articles 747 and 748, title 17, chapter 11, of the Penal Code be so amended as hereafter to read as follows:

"Article 747. If any person shall steal any cattle or hog, he shall be punished by confinement in the State penitentiary for not less than two nor more than four years.

"Article 748. If any person shall steal any sheep or goat, he shall, if the value of the property stolen be twenty-five dollars or over, be punished by confinement in the State penitentiary not less than two nor more than four years. If the property be under twenty dollars in value, he shall be punished by imprisonment in the county jail not exceeding six months, during which time the prisoner may be put to hard labor, and by fine not exceeding two hundred and fifty dollars, or such imprisonment without fine."

Authorities cited: Const. 1876, art. 3, sec. 35; Nichols v. The State, 32 Texas Crim. Rep., 391; Stone v. Brown, 54 Texas, 342; The State v. McCracken, 42 Texas, 383; Hasselmeyer v. The State, 1 Texas Crim. App., 690; Giddings v. San Antonio, 47 Texas, 548; Breen v. Railway, 44 Texas, 302; Austin v. Railway, 45 Texas, 267; Day Co. v. The State, 68 Texas, 542; Gunter v. Land and Cattle Co., 82 Texas, 496.

It is contended, under the caption of the amendatory act of the Twenty-third Legislature, set out above, that only in article 748, where it was in the original article, could the Legislature treat of or legislate on the subject matter—"hog;" that this subject matter was in the original articles, in article 748, and not in article 747, as in act of amendment. That in an amendatory act amending only by numbers of title, chapter, and articles, the caption does not give notice of the introduction of any new foreign subject matter in either article, but contemplates dealing with the subject matters as they are in the articles. In taking out of article 748 the subject matter hog, and leaving it out entirely, the Legislature, under the caption of the amendatory act, had the right so to do; but it did not have the right to insert it in article 747, because it was foreign subject matter to any subject matter in that article, and the caption of the amendatory act did not authorize such. A proper caption to this amendatory act, worded to authorize the Legislature to take the subject matter hog out of article 748 and insert it in article 747, would be as follows: "An act to amend articles 747 and 748, chapter 11, title 17, of the Penal Code, by taking the subject matter hog out of article 748 and inserting it in article 747, after the word cattle," or words to this effect, that indicate the taking of the subject matter hog out of one article, where the caption places it, and putting it in another. It is contended, that under the caption of this amendatory act the Legislature, in violation of it, took the subject matter hog out of article 748 and inserted it in article 747, and in consequence of which the article, as to that sub-

ject matter, is void.  Under this caption the Legislature could, letting the subject matter remain in each article as it was, deal with it as it saw fit, but not otherwise; and having done otherwise, the act, as to the subject matter hog, to deal with is void.

The law making the theft of a hog a felony is unconstitutional and void, in that the object of inserting the subject matter hog in article 747, embracing only cattle, is unconstitutional and void.

The law making the theft of a hog a felony is unconstitutional, in that the said act is not enacted and passed by the Legislature in accordance with the Constitution of the State.

The indictment in this cause is not a legal and valid indictment, and does not charge an offense against the Constitution and laws of the State.

2.  The court erred in admitting as evidence the written statement of the defendant, made before A. B. Short, justice of the peace of precinct number 3 of Kendall County, Texas, for any purpose whatever, as the same was not freely and fairly made, without compulsion or persuasion, voluntarily, and after defendant had been cautioned that it might be used against him; and further, the said A. B. Short being the owner of the hog defendant is alleged to have stolen, and the said A. B. Short, sitting as a justice of the peace in a case in which he was thus interested, and the said statement being made in and to him as an examining magistrate sitting in judgment upon defendant and requiring him to plead and to give such evidence, the same was inadmissible for any purpose whatever.   Const. 1876, art. 5, sec. 11; 4 Sayles' Civ. Stats., p. 541; Code Crim. Proc., arts. 749, 750; Wills. Crim. Stats., p. 224; Code Crim. Proc., art. 569; Wills. Crim. Stats., p. 161; Code of Crim. Proc., arts. 261, 262; Wills. Crim. Stats., p. 78; Wills. Crim. Stats. secs. 2469, 2470, 2465, 2466, 2477, 2471, p. 225.

This statement was not admissible for any purpose; the statement does not of itself show the case in which it was taken.   A. B. Short was, in the language of the Constitution, interested in the case in which he was sitting as an examining magistrate, and was also the injured party.   Article 5 of section 11 of the Constitution, cited above, states, if he is interested in the case he shall not sit as judge; and article 569 of the Code of Criminal Procedure states, that if he is the injured party he is likewise subject to the same disqualification.   A. B. Short sitting as justice of the peace, and trying this man for the theft of his own hog, was a nullity, an illegality ab initio; the evidence he proposed to take was a farce, and this statement is a rank contraband of the law, and good for nothing.

In addition to A. B. Short being disqualified from holding this court by virtue of the law, the statement was not freely and fairly made. Appellant was a prisoner, was brought into this quondam court, and was told that a legal and valid case was against him, and that the trial was on, and that he could make a statement if he wished.   Now, if the court was illegal and fraudulent, the practices of the judge on ap-

pellant, by which he operated upon appellant's mind and obtained the statement, are the basest of undue influences, and a prostitution of the powers of the court and the uses of the law to deceive and cheat. This statement, if not good as a judicial document, is worthless as a free and voluntary act of appellant without persuasion or compulsion. Code Crim. Proc., art 751; Wills. Crim. Laws, pp. 227, 228; Davis v. The State, 3 Texas Crim. App., 91; Stockman v. The State, 24 Texas Crim. App., 387; Massey v. The State, 1 Texas Crim. App., 563.

3. The court erred in excluding evidence of ill will and previous quarrels and difficulties between A. B. Short and defendant. Defendant was entitled to prove the difficulties by the prosecutor Short in order to show his animus and malice, or in case he denied them, then to impeach him in regard to them. Wilburn v. The State, 41 Texas, 237; Cesure v. The State, 1 Texas Crim. App., 19; Persons v. The State, 3 Texas Crim. App., 241; Fore v. The State, 5 Texas Crim. App., 251; Rosborough v. The State, 21 Texas Crim. App., 672; Francis v. The State, 7 Texas Crim. App., 501; Heard v. The State, 9 Texas Crim. App., 1; Cameron v. The State, 9 Texas Crim. App., 332.

4. The court erred in holding that it was inadmissible to ask the prosecutor, Short, if, on the night before the trial, he (the witness) and others having defendant in charge, were not engaged in drinking wine and playing cards.

Defendant expected to show by said witness, that while defendant was under arrest on the night before the trial before said A. B. Short, as magistrate, and while and when some of the important things that said Short had testified about were happening, he, the said Short, and those with him were playing cards and drinking wine, and at that identical time said Short and those with him were posing and pretending to act as officers of the law and conservators of the peace; and also to show by said Short what effect said wine had on them. The district attorney objected to said questions and such evidence as irrelevant and immaterial, and the court excluded the same, and would not permit said questions to be asked or said evidence to go to the jury. Stevens v. The State, 7 Texas Crim. App., 39; Thompson v. The State, 11 Texas Crim. App., 51; Daffin v. The State, 11 Texas Crim. App., 76; Blunt v. The State, 9 Texas Crim. App., 234; Sims v. The State, 4 Texas Crim. App., 144; Watts v. The State, 18 Texas Crim. App., 381; Crist v. The State, 21 Texas Crim. App., 361.

The testimony of the State being in, and the State having rested on its evidence, the defendant moved the court to require the district attorney to select which one of the two hogs developed in the testimony —the one whose skin had been found by Frank Covey on Tuesday, that had been killed a day or two before, or the one killed on Friday thereafter—as the State could not try him on both cases on the indictment alleging the theft of only one hog. This the court declined to do, and permitted the State to go to the jury on the evidence as it was.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE—The appellent was tried and convicted for theft of a hog, and his punishment assessed at two years' confinement in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal.

The appellant contends, that the court-erred in refusing to quash the indictment in this case, the grounds of his contention being that the caption of the Act of March 15, 1893, amending articles 747 and 748 of the Criminal Code, is obnoxious to section 35, article 3, of the Constitution, because said caption does not embrace the subject matter contained in the amendments of said acts. It has been held by the Supreme Court and by this court, that our Penal Code can be amended by reference to the articles thereof. The State v. McCracken, 42 Texas, 383; Nichols v. The State, 32 Texas Criminal Reports, 391. The caption of the act in question embraces and refers to these two articles of the Penal Code, and the two articles set out in full, as amended. But it is contended that the word "hog" could not be transposed and legislated on in article 747. No tangible reason is afforded us why this could not be done. The object of the amendment, as declared in the title of the act, was to amend said two articles of the Penal Code, and in our opinion it was entirely competent for the Legislature to insert the word "hog" in article 747, taking it out of 748, and making it a felony; and we fail to discern how this could be construed as violative of the provision of the Constitution alluded to under the caption in question. There is no incongruity in uniting the animals "cattle" and "hogs" in the same article of the statute, and making both felonies, and the making, by this legislation, theft of hogs a felony, regardless of their value, could not operate a surprise and fraud upon the public and the Legislature which enacted the bill, and, as we understand, the purposes of the constitutional provision was merely to prescribe a rule which would put the Legislature on notice of the essential elements of the law to be enacted; and, ordinarily, when the Legislature has acted in the selection of a title, their power to do so and to embrace legislation within such caption is construed liberally in favor of the constitutionality of the enactment.

Appellant assigns as error the admitting as evidence of the written statement of the defendant, made before A. B. Short, justice of the peace of precinct number 3, of Kendall County, on the ground that A. B. Short, the justice of the peace, was the owner of the hogs, and that he was not authorized to preside at the examining trial of defendant, and that the statement made by defendant before him as an examining magistrate was invalid, and could not be taken as a judicial confession; and moreover, that the said appellant, before making his statement, was not cautioned as the law requires. The bill of exceptions, as explained by the court, shows that said statement was not admitted as a statement made in judicial proceedings, but was merely made as

the statement of appellant to any person, after having been duly warned, according to the statute; and besides, the court, at the instance of the defendant, fully charged the jury that same was not admitted as the statement of defendant, made in a judicial proceeding, and authorized the jury to wholly disregard the said confession, unless they believed from all the evidence that same was established beyond a reasonable doubt; and the defendant himself, having testified that the same was not freely made, the court submitted that issue to the jury. In our opinion, it would have been entirely proper for the court to have treated said confession as made by the defendant in the course of a judicial proceeding, inasmuch as the justice of the peace was qualified to try the case against appellant, although the charge against him was for theft of the hog of the justice of the peace who tried him. Code Crim. Proc., art. 569; Davis v. The State, 44 Texas, 523. As before stated, the appellant, according to the evidence offered by the State, was legally cautioned before he made the statement, and while this was controverted by the defendant, the issue as to this matter was submitted to the jury in the charge of the court.

The court did not err in refusing to permit the defendant's counsel, on the cross-examination of the witness A. B. Short, to go into the details of family quarrels between his family and the defendant's, nor between himself and defendant. He gave him full latitude to prove the state of feeling between himself and the defendant, which it seems the defendant did not take advantage of, but insisted on proving certain quarrels and altercations between the parties, not connected in anywise with this transaction, but antedating same a year or more. The defendant says he expected to prove these altercations by said Short, or have him deny them, and then, after having laid the predicate, introduce evidence to impeach and contradict him. If this were permissible, the trial of a criminal case, if such a course should be pursued, would be interminable, and would raise issues which were not material to the case, and, if denied, would not afford the basis for impeaching testimony. Nor, in our opinion, was the refusal of the court to permit testimony that the witness Short and others, who had the defendant in charge the night before the trial, were drinking wine or playing cards, error. The same does not appear to us to be relevant or material. Said evidence does not purport to be connected with any fact having the remotest bearing upon any issue in this case.

The appellant also assigns as error that on the trial of this cause, there being evidence tending to show on the part of defendant a theft of two hogs, at the conclusion of the testimony the appellant asked the court to have the district attorney elect as to which of said hogs he would insist on a conviction of the defendant. The court declined to do this, assigning as a reason that there was no sufficient testimony showing the taking of two hogs, such as would require an election by the district attorney. There is testimony in the record showing that the prosecutor Short lost two shoats out of his bunch of hogs within a

short time of each other, and some testimony with reference to the finding of the hide taken from a hog. The meat of the hog found in the possession of defendant appeared to be too fresh for the hog to have belonged to the hide in question. All of this testimony was admitted without objection, and no charge was asked in relation thereto. At most, the testimony was exceedingly meager connecting defendant with the taking of more than one hog, and he was only found in possession of the meat of one hog, and he only admitted the killing of one hog. If the testimony regarding the other hog had been objected to at the proper time, it might have been the duty of the court to have sustained the objection; or if there appeared from the record in this case a danger of conviction for another hog, not charged in the indictment, then it would have been the duty of the court to have controlled the testimony as to such other hog by a proper charge, even though not requested; but the record fails to disclose any such danger. and in our opinion the court did not err in refusing to require the district attorney to elect as to which hog he would insist on convicting the defendant for the theft of.

The evidence in this case, though of a circumstantial character, is ample to sustain the conviction. The court gave a charge on circumstantial evidence, and gave the defendant the full benefit of all his defenses in the case. The jury found against him, and we are not inclined to disturb their verdict.

The judgment of the lower court is accordingly affirmed.

*Affirmed.*

Judges all present and concurring.