## W. C. JOLIFF v. THE STATE.

### No. 4085. Decided Jan. 29, 1908.

**1.—Keeping Disorderly House—Sale of Intoxicating Liquors Without License— Constitutional Law—More Than One Subject.**

Where upon trial for keeping a disorderly house, by keeping intoxicating liquors for sale without license, the contention of defendant was that the Act of the Thirtieth Legislature, page 246, contained more than one subject, to wit, article 359-a. Held, even if this be so (which is not decided), then as defendant is prosecuted under a clause which is included in the caption of the act, and which is easily separable from the other matters in the title of the act, and which under section 35, article 3, Constitution of Texas is valid, there was no error in overruling the motion to quash the indictment.

**2.—Same—Repeal by Implication.**

Where upon trial for keeping a disorderly house, to wit: a house in which intoxicating liquors were sold and kept for sale, without first having obtained a license, under the Act of the Thirtieth Legislature, page 246, the contention that this act was repealed by implication by a later act of the same Legislature, popularly known as the Baskin-McGregor Law, regulating the sale of liquor, is untenable.

**3.—Same—Local Option—Conflict of Law—Constitutional Law.**

The Act of the Thirtieth Legislature, page 246, with reference to disorderly houses, by keeping intoxicating liquors for sale therein without first having obtained a license to sell such liquors, is not invalid under section 20, article 16, of the Constitution with reference to local option, and is general in its character, and operative both in local option and non-local option territory alike. Besides it is a necessary auxiliary to the local option law.

**4.—Same—Indictment—Approved Form.**

Where upon trial for keeping a house in which intoxicating liquors are sold and kept for sale without having first obtained a license, and thereby a disorderly house, the indictment followed approved precedent, the same was good on motion to quash.

**5.—Same—General Reputation of House—Evidence.**

Upon trial of keeping a disorderly house, that is a house in which intoxicating liquors were sold and kept for sale without having first obtained a license to sell such liquors, there was no error in admitting testimony of the general reputation of the house as one kept for the purpose of selling and keeping for sale intoxicating liquors, it being in evidence that defendant had leased the house in question and was occupying the same under a claim of right, without any inference that any one else had any right of occupancy therein, had internal revenue license as a retail liquor dealer, and that intoxicating liquors were sold therein, and kept for sale. Following Gerstenkorn v. State, 38 Texas Crim. Rep., 621; 44 S. W. Rep., 503. Davidson, Presiding Judge, dissenting.

**6.—Same—Judicial Construction—General Reputation.**

The rule of judicial construction having been, time out of mind, that general reputation is admissible in cases where parties are charged with keeping a disorderly house, with reference to the reputation of the house kept, this construction obtains in a prosecution for keeping a disorderly house by keeping therein intoxicating liquors for sale without license, based upon a recent amendment of the disorderly house statute. Davidson, Presiding Judge, dissenting.

**7.—Same—Evidence—Internal Revenue License—Secondary Evidence.**

Where the terms of the internal revenue license is not the subject matter of controversy, the same may be proved by hearsay; and in a prosecution for keeping a disorderly house, by keeping for sale intoxicating liquors therein without license, there was no error in admitting testimony that the witness saw a United States Internal Revenue License in the name of defendant posted up in his drug store.

**8.—Same—Local Option Territory.**

In a prosecution for keeping a disorderly house by keeping for sale intoxicating liquors without license, in local option territory, there was no merit in the contention that the conviction could not be sustained, for the reason that it had and could have no reference to communities where no license can be issued at all.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of keeping a disorderly house, by keeping a house in which intoxicating liquors were sold and kept for sale without first having obtained a license; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Geo. P. Brown, Smith & Wall,* for appellant. On question that the act contains more than one subject: Mabry v. State, 5 Texas Crim. App., 93; Roddy v. State, 16 Texas Crim. App., 502. On question of repeal by implication: Cain v. State, 20 Texas, 355. On question of conflict with constitutional provision on prohibition: Holley v. State, 14 Texas Crim. App., 505; McMillon v. State, 18 Texas Crim. App., 375; Stalworth v. State, 16 Texas Crim. App., 345; Stelle v. State, 19 Texas Crim. App., 425; Nienenger v. State, 25 Texas Crim. App., 499; Keller v. State, 87 S. W. Rep., 669; Massey v. State, 49 Texas Crim. Rep., 60; 92 S. W. Rep., 1086.

The adoption of prohibition in a county repeals all general laws as to license so far as that county is concerned: Robertson v. State, 5 Texas Crim. App., 155; Boone v. State, 12 Texas Crim. App., 185; Snearly v. State, 40 Texas Crim. Rep., 507; 52 S. W. Rep., 547. On question of indictment: Segars v. State, 40 Texas Crim. Rep., 577, 51 S. W. Rep., 211. On question of admitting general reputation of house: Boardman v. Com., 64 Me., 523; Able v. State, 90 Ala., 631; Wooster v. State, 55 Ala., 217; Cronin v. State, 30 Texas Crim. App., 278.

*F. J. McCord,* Assistant Attorney-General, *Looney & Clark,* for the State.—Cited cases in opinion—On constitutional law: Also Day Co.

v. State, 68 Texas, 542; Mahomet v. Quackenbush, 117 U. S., 508; 26 Am. & Eng. Ency. of Law (2nd Ed.), pp. 574–575; also Cain v. State, 20 Texas, 355. On general reputation of house: Allen v. State, 15 Texas Crim. App., 320; Burton v. State, 16 Texas Crim. App., 156, and cases quoted in opinion.

RAMSEY, JUDGE.—Appellant was convicted in the county court of Grayson County, Texas, on an indictment charging him with keeping a disorderly house—that is, with keeping a house in which intoxicating liquors were sold and kept for sale, without having first obtained a license to sell such liquors. The case was begun and prosecuted under chapter 132 of the Act of the Thirtieth Legislature, p. 240. The judgment of conviction is assailed and reversal thereof sought, on many grounds; and the claim is made here that said act is unconstitutional and void, as being in contravention of several sections of our State Constitution.

The first proposition submitted, and the first substantial contention made by appellant is, that the act of the Legislature under which the conviction was obtained was invalid, as being violative of section 35, article 3, of our Constitution. This article is, as follows: "No bill (except general appropriation bills, which may embrace the various subjects and accounts for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed." It has been held uniformly in this State that a liberal construction will be applied to an act of the Legislature in determining whether or not it violates this section of our Constitution. Breen v. Ry. Co., 44 Texas, 302; Giddings v. San Antonio, 47 Texas 548; State v. Parker, 61 Texas, 265; Morris v. State, 62 Texas, 728; Ratigan v. State, 33 Texas Crim. Rep., 301; Tabor v. State, 34 Texas Crim. Rep., 631. The title of the act in question undertakes to amend article 359, chapter 4, title 10, of the Penal Code of the State of Texas, defining what constitutes a disorderly house, so as to include, among other things, any house in which spirituous, vinous or malt liquors are sold or kept for sale without the proprietor having first obtained a license under the laws of the State as a liquor dealer. The act also contains other definitions of what constitutes, under the law, a disorderly house. In this case, as stated, appellant was charged with keeping a disorderly house, in that he kept a house in which intoxicating liquors were sold and kept for sale without having first obtained a license to retail such liquors.

As stated in the case of Fahey v. State, 27 Texas Crim. App., 146: "Suppose there be more than one object mentioned in the act. If they be germane or subsidiary to the main subject, or if relative directly or indirectly to the main subject, have a mutual connection and are not foreign to the main subject, or so long as the provisions are of the same

nature and come legitimately under one general denomination or subject, we cannot hold the act unconstitutional." There may be some doubt as to whether article 359a is included within the title of the act in question. It is, however, unnecessary to decide this question. It is certain that the act for which appellant is prosecuted in this case is included and under the provision of the Constitution above quoted, "but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed." This would give appellant no just ground of complaint. In other words, if it be held that article 359a is not germane, or fairly embraced within the title of the act in question, it is easily separable from the other matters and things named in the title, and its inclusion therein would not have the effect to avoid the subject properly embraced in it. It has been held that courts will sometimes sustain a plural act as to one of the subjects embraced, when the subjects are separable and there is anything to indicate which is the principal act. This principle is strengthened by a reference to our Constitution as above stated.

Again, it is contended by counsel for appellant that the act in question which prohibits the keeping of a house where spirituous, vinous or malt liquors are sold, or kept for sale, has been repealed by sections 4, 5, 6, and 27, chapter 132 of the Act of the Thirtieth Legislature, popularly known as the Baskin-McGregor bill. We can not accede to this view. The subject of the repeal of a statute by implication was maturely considered and elaborately discussed by this court in the case of Williams v. State, 52 Texas Crim. Rep., 371, decided January 22, 1905. The views there expressed in effect held adversely to the contention of appellant here. As confirmatory of the decision in that case, we call attention to the language of our Supreme Court in Cain v. State, 20 Texas, 355; "The rule is, that in the construction of acts of the same session, the whole must be taken and construed as one act, and to make a latter provision repeal a former, there must be an express repeal, or an irreconcilable repugnancy between them." Again, in the same case, the court say, p. 365: "Nothing short of a direct express repeal in terms, or such irreconcilable repugnancy as that both can not stand together, and one consequently must give place to the other and operate its repeal by implication, has, it is believed, ever been held sufficient to justify a court in holding one act repealed by another passed at the same session." Nor is it believed that the offense named in the act under consideration is, in all respects, identical with those undertaken to be defined and punished in the Baskin-McGregor bill. Here the ingredients of the offense charged are, and the indispensable things to be proven are, first, a house must be kept; second, spirituous, vinous or malt liquors are sold, or kept for sale; and, third, the defendant must be without a license. The ingredients of the offense defined in chapter 138 of the Act of the Thirtieth Legislature, p. 258, are: first, that the defendant must sell such liquor, and he must be without a license. It is not necessary under the last named act that the business shall be pursued in a house,

but throughout said act the location of such business is referred to as a house or place. In the case of Stanford v. State, 16 Texas Crim. App., 331, the court say: "Occupation as used in this statute and as understood commonly, would signify vocation, calling, trade, the business which one principally engages in to procure a living or to obtain wealth. It is not the sale of liquor that constitutes the offense. It is the engaging in the business of selling without paying the occupation tax. It does not require even a single sale to constitute the offense, for a person may engage in the business without succeeding in it, even to the extent of one sale. So on the other hand, a person may make occasional sales of liquor without pursuing or following or intending to pursue or follow the occupation of selling liquor." To hold that the passage of the Baskin-McGregor law subsequent to the act in question operates as a repeal of the act here in question, would lead to results which we can not believe were, or could have been in contemplation of the Legislature, and we are not at liberty to impute to them such intention. For instance, section 23 of the Baskin-McGregor law provides that no license shall issue to any person doing business as a liquor dealer in any house or building used for a gambling house, etc., and if the building in which such business is conducted shall be so used with the knowledge of the licensee, his license shall be revoked. Section 24 of the same act, provides that it shall be unlawful to permit in such place of business any boxing, wrestling, or other exhibition, or any gambling table, ten pin alley, etc., or other device for gambling. If because the Baskin-McGregor law treats and prohibits these things, it shall be held to supercede all prior legislation having any reference to the same, or similar matters, it will operate by implication to repeal and emasculate the law against prize fighting, gambling, as well as the statute in respect to disorderly houses. See Act, 30 Leg. sec. 27, p. 268.

It is next contended, in effect, that the act in question is invalid in that it is not a general law equally operative in all parts of the State, and that same is in violation of section 20, article 16 of the Constitution. This section is as follows: "The Legislature shall at its first session enact a law whereby the qualified voters of any county, justice's precinct, town, city (or such subdivision of a county as may be designated by the commissioners court of said county), may by a majority vote determine from time to time whether the sale of intoxicating liquors shall be prohibited within the prescribed limits." It is urged by the State that the contention of appellant seems to ignore the fact that local option and non-local option territory alike, have laws regulating the licensing and sale of intoxicating liquors, and that in consequence he overlooks the necessity for a general law, such as the one in question. If, however, the State contends, this court should assimilate the act in question to a law by its terms limited to local option territory, then they insist that such act dealing, as it does, with the sale of intoxicating liquors, and being germane to the main subject and considered by the Legislature as a necessary auxiliary to the enforcement of the will of the people,

as expressed by the adoption of local option, the same should be held by every test as a valid law. We are inclined to believe that both of these contentions of the State are correct. Certainly, if we are to have respect for the decision of the Supreme Court, as declared in the case of Ex parte Dupre, 105 S. W. Rep., 349, this is no longer in this State an open question. In that case, in discussing the search and seizure law, which by its terms was limited to local option territory, and in view of the question there raised that said act was unconstitutional, because in excess of the power of the Legislature, as limited by article 16, section 20 of the Constitution, in a luminous opinion upholding the validity of the law, the court say: "The Constitution does not require the Legislature to submit to the vote of the people the law which is necessary to enforce prohibition, and it has not done so. That is a proper subject for legislative action. It has been held in this State that the Legislature can not go beyond the limits of the Constitution and prohibit the giving away of liquors within the prescribed territory, but that does not in the least interfere with nor limit the power of the Legislature to enact all suitable and necessary laws for the enforcement of the will of the people on that subject. The law in question is not subject to the objection urged." So both on reason and authority, the contention here considered must be held adversely to appellant. This view is supported by the holding of the Court of Civil Appeals of the second district, in the case of Clopton v. State, 105 S. W. Rep., 994.

Motion was made to quash the indictment on various grounds, which in view of the length of this opinion, we deem unnecessary to discuss. The indictment was carefully drawn with special reference to the forms laid down in Willson's Criminal Forms, No. 218, which have heretofore received the approval of this court in numerous cases.

Objection was made to the proof introduced by the State of the general reputation of the house kept by appellant. It was shown, without controversy, that appellant had leased the house in question and was occupying the same under a claim of right so to do and without any suggestion by inference or otherwise, that any one else had any right of occupancy therein. In addition to this, it was shown that appellant had internal revenue license as a retail liquor dealer. While it has been held that the fact of sale of intoxicating liquors could not be proved by reputation, or hearsay, the rule, as we understand, is well nigh universal that where the character of the house, the keeping of which is denounced by statute, is at issue, such proof may be made by general reputation. Allen v. State 15 Texas Crim. App. 320.; Burton v. State, 16 Texas Crim. App. 156; Harkey v. State, 33 Texas Crim. Rep., 100; Sprague v. State, 44 S. W. Rep., 537; Golden v. State, 34 Texas Crim. Rep., 143; 29 S. W. Rep., 779.

As a circumstance tending to establish that the house was kept for the purpose of selling and keeping for sale, intoxicating liquors, the State proved by several witnesses that persons other than the appellant sold at such place intoxicating liquors in his absence  He is not charged,

or sought to be convicted for making these sales. The facts objected to were offered and received in evidence as a circumstance tending to establish the character and nature of the business transacted at appellant's place of business and as proof that the said house was kept for the purpose of keeping for sale therein, intoxicating liquors; and to establish this fact, we hold that it was competent to prove that other persons besides appellant, who worked in his place of business, sold liquors therein. Even in a case where a defendant has been charged directly with the unlawful sale of intoxicating liquor in prohibition territory, proof has not always been restricted to sales made by such defendant in person. In the case of Gerstenkorn v. State, 38 Texas Crim. Rep., 621; 44 S. W. Rep., 502, Judge Hurt, discussing the facts of that case says: "Now, when we look to all these facts, we are of the opinion that the court was clearly right in submitting the charge complained of. Who was the person that waited on the customers? What was he doing there? He was either an interloper or he was in the employ of or the agent of the appellant. Why did appellant procure a license from the Federal Government? Why did he have a place of business? Why was he engaged in the sale of drinks? Why were parties informed of his place of business, and where to go to get drinks, if he was not running this establishment? It was called his place of business. Now, the mere fact that he was not present but that some one else waited on the customers, does not relieve him of guilt at all. If he had by an agent, clerk, bartender, sold intoxicating liquors, he is guilty as a principal." The reason of the introduction of the testimony in this case, where the principal inquiry at issue is the character of the house, would seem to be not only strong but would clearly admit such proof.

Again, it is contended by appellant that the court erred in admitting in evidence the testimony of one Barrett, a witness for the State, to the effect, in substance, that on the 10th day of September, 1907, he saw a United States Internal Revenue License in the name of appellant, posted up in his drug store at Denison, Texas, in the house claimed to be run as a disorderly house, and for which appellant is prosecuted in this case. This testimony was objected to on the ground that it was hearsay and secondary and not the best evidence; and the proposition submitted under this assignment, in view of this objection is, that a written instrument is the best evidence of its contents. From this general proposition, of course, no one could dissent; but as contended by counsel for the State, it is well settled that among the exceptions to this general rule of evidence is that secondary testimony may be given of writing that can not be produced in court, such as mural monuments, documents shown to be in a foreign country, books of great concern, the removal of which would be very inconvenient, and others such as license required by the Federal Statute, which could not be removed from the place of business of appellant and produced in court without involving a violation of a Federal Statute. We think that where the terms of the revenue license

is not the subject matter of controversy, nor in dispute and where no construction of same is sought but the fact only of the possession of such license is sought to be proved, that the objection here made should not be upheld. See 1 Jones on Evidence, section 204, and authorities cited.

There are many other questions made in the record, and treated in the able and ingenuous brief of counsel for appellant. These we have carefully considered, but deem a discussion of them unnecessary.

Finding no error in the record, it is ordered that the judgment ought to be and the same is hereby in all things affirmed.

*Affirmed.*

### ON REHEARING.

March 20, 1908.

RAMSEY, JUDGE.—This case was affirmed by this court on the original hearing. At the time it was impracticable, if not impossible, for appellant to submit the case on oral argument. In view of the serious questions arising, and because some of them were questions of first impression in this court, involving the validity of a statute, and desiring to obtain the utmost possible assistance in their proper disposition, the court invited counsel to submit the motion for rehearing on oral argument. The motion was argued orally, and we have, in the light of same, again gone over the questions involved. We see no occasion to change the disposition made of the case, but think it desirable to notice two of the matters raised in motion for rehearing and discussed by counsel.

1. It is urged that the court erred in admitting evidence of the general reputation of the house alleged to have been kept by appellant. The contention of appellant is, substantially that proof of general reputation in a charge similar to that made in this case is only admissible in cases where the repute of the house is an essential element of the crime charged, and that unless the repute of the house is the essence of the offense charged, it is not admissible. It has been the holding of this court, time out of mind, that general reputation is admissible in cases where parties are charged with keeping a disorderly house, though independent evidence must appear that the person charged was engaged in keeping such house as owner, lessee or tenant. This construction of the disorderly statute was uniform and well settled before the passage of the act considered. We think when the lawmakers came to add to the disorderly house statute the matters now contained in it, wherein they denounced as a disorderly house one kept for the sale of intoxicating liquors without license, that they must have intended that proof by reputation in respect to such house would be admissible on the same basis as had theretofore been the rule in this State.

2. It is claimed again, that this conviction cannot be sustained for the reason that it has and can have no reference to communities where no license can be issued at all. It seems to us that this reasoning is fallacious. To hold that one might be convicted for keeping and main-

taining a house for the sale of liquors without obtaining license in counties and communities where such person could legally obtain license, and to deny local option precincts or counties the same protection, would be a most unreasonable holding. It would place a defendant who could not get license at all in a position not to be assailed, whereas it would denounce as a crime similar action of a person who could but decline to obtain license. It would make it an offense to keep a house for the sale of intoxicating liquors where he had the right to obtain license but refused to do so, but not make it an offense where he kept a house where no license could be granted at all. This position would result in making the law breaker in local option communities a privileged character, and in effect say to him, because you cannot obtain license, therefore, the law declines to punish you. That the law will punish a liquor dealer who could obtain license, but will not; but will not punish a person similarly engaged who could not obtain license, even if he wished; such a holding we cannot adopt.

The other matters raised are sufficiently discussed in the opinion. The motion for rehearing is overruled.

*Overruled.*

DAVIDSON, PRESIDING JUDGE (dissenting).—I cannot agree with my Brethren in the proposition announced in the opinion on the motion for rehearing, admitting the evidence of general reputation. Previous decisions of this court and courts in this State have admitted evidence of general reputation with regard to what was at the time of the rendition of the opinion, known as "disorderly houses." The statute, at the time of the rendition of those opinions, did not have the definition given or attempted to be given by the Act of the Thirtieth Legislature, p. 246. Heretofore houses have been termed disorderly houses, as applied to what is properly and generally known in our jurisprudence as "houses of ill fame," in other words, "houses of prostitution." Of course, the house could not be a house of "ill fame," unless prostitutes inhabited or resorted to it. It took a combination of prostitutes resorting to the house and the house itself to come within the definition as heretofore given, but in reaching out and creating new offenses, the Thirtieth Legislature has undertaken to constitute a house a disorderly one in which spirituous, vinous or malt liquors are sold, or kept for sale without a license under the laws of the State to retail such liquors. It would hardly, it seems to me, be contended that evidence of general reputation of a house of "ill fame" where prostitutes resort or reside would be admitted as proof of the fact that a party kept intoxicating liquors for sale without obtaining license. It would be carrying the doctrine of general reputation as a basis for conviction of crime, to a startling conclusion or result. Because general reputation is held admissible as evidence to prove the reputation of a house of "ill fame" or "house of prostitution" does not of itself or even by innuendo suggest that another distinct offense may be placed in the same statute and

the same rules in the respect made to apply to the new offense constituted by essentially different elements. Mr. Wigmore in his work on Evidence, says: "Whether or not the general reputation of the character of a house is admissible where a party is charged with running a disorderly house, depends upon the wording of a statute. Where the repute of the house is an essential element of the crime charged, it is admissible, otherwise it is not." 1 Wig. 78. In McClain's work on Criminal Law, it is said, that weight of authority is that evidence of general reputation of a house is not admissible. (See McClain on Crim. Law, section 1145.) And such evidence has been held inadmissible in Boardman's case, 64 Me., 523; U. S. v. Journdine, 4 Cranch, C. C. 338; Abel's case, 90 Ala., 633; Wooster's case, 55 Ala., 221; Ramsey's case, 35 So. R., 325; Foley's case, 45 N. H., 466; Handy's case, 63 Miss., 208; Kenyon's case, 26 N. Y., 233; Nelson's case, 49 Pac., 920; Plant's case, 32 Atl., 237; Barker's case, 20 S. E., 776.

The statute under discussion is not worded as was the statute when the Morris case, 38 Texas, 603, and the Sylvester case, 42 Texas, 496, were rendered. The offense aimed at in the statute at that time was the offense of conducting what was known as a house of "ill fame" or "ill repute." The particular part of the statute here at issue does not involve that character of the house. It sets out certain facts with reference to the selling of intoxicants without procuring license. It would hardly be contended in any court of justice that a party could be convicted under an indictment charging this particular clause of the statute, that it could be sustained by proof of general reputation. It would have to be shown in order to convict, that intoxicating liquors were kept for sale, and that the party had not procured the license for selling it. It takes these ingredients to constitute this offense, if it is one in fact under the statute. These facts could not be proved by general reputation. Usually the reputation of houses of ill fame grows out of the rule of necessity, at least so it has been always written. In this particular character of case such rule of necessity could hardly apply and would not be permitted to apply. It has been held that in adultery cases, reputation is inadmissible. See Bishop's Stat. Crim.; 678. In Cronin v. State, 30 Texas Crim. App., 278, it was held error to prove the general reputation of a gambling house. Mr. Wharton lays down the rule in his work on criminal evidence, that it is never admissible, except when general reputation is a constituent of the offense. Sections 255 and 260. In cases of this character it can only be proved when there is a statute authorizing it, by its terms, even if the Legislature could dispense with proof of a crime and substitute for the proof, reputation, Wilson's case, 15 R. I., 180; Kingston's case, 5 R. I., 297; Warren's case, 16 R. I., 191; Eagan's case, 151 Mass., 45.

By comparing the Search and Seizure law that was passed by the same Legislature, it is seen in section 15, of that act, that provision was made that reputation might be shown, but it is not so in the statute under consideration. These are what we may term statutes in pari materia;

they at least relate to the same general subject, and may tend somewhat to elucidate the legislative mind. In the absence of a statute, can evidence of general reputation be admissible in cases of this character? I answer, no. 2 McClain Crim. Law, section 1279. Mr. McClain says: "By some statutes the reputation of the place is admissible in determining whether it is kept as a nuisance, but *aside from the statute* such general reputation is not admissible.

In regard to the first question decided, overruling the motion for rehearing, I assign the above few remarks as my reasons for dissenting.