## A. P. BUMBAUGH V. THE STATE.

### No. 4069. Decided May 5, 1909.

### Rehearing Denied June 9, 1909.

**1.—Keeping Disorderly House—Intoxicating Liquors—Local Option.**

Where upon trial of keeping a disorderly house where spirituous, vinous and malt liquors were sold without a license, the evidence showed that the defendant in open violation of the law conducted a retail liquor establishment without license in local option territory, the conviction is sustained.

**2.—Same—Constitutional Law.**

The Act of the Thirtieth Legislature prohibiting the keeping of disorderly houses where spirituous liquors are sold without license in local option territories is constitutional. Following Joliff v. State, 53 Texas Crim. Rep., 61.

**3.—Same—General Reputation—Evidence.**

Upon trial of a violation of the Act of the Thirtieth Legislature with reference to keeping disorderly houses where intoxicating liquors were sold, evidence of the general reputation of the alleged house was admissible. Following Joliff v. State, 53 Texas Crim. Rep., 61.

**4.—Same—Statutes Construed.**

The fact that defendant could not under the law obtain license to sell intoxicating liquors for the reason that such sale was prohibited, did not give him an exemption from punishment under the law of the Thirtieth Legislature supra.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of unlawfully keeping a disorderly house where intoxicating liquors were sold; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Sidney Wilson,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Grayson County on a charge preferred by indictment of keeping a disorderly house in said county; that is, a house and place where spirituous, vinous and malt liquors were unlawfully sold without appellant first having obtained a license under the law of this State so to do.

These facts appear practically without dispute: That appellant had obtained, in June or July, 1908, a retail liquor dealers' license authorizing him to conduct the business of a retail liquor dealer in Sherman, Texas, at 116 North Crockett Street. It seems that this building had spring locks on the outside, and if one wanted to enter he would have to knock on the door and it would be opened. The building had several different rooms partitioned off on the inside; had a counter extending along the wall on the south side of the building; had a mirror behind the counter and cash register; had bottles of various sizes, some

of which were labeled frosty, and others with no labels at all, and, further, that the bottles labeled frosty did not have any wire over the cork, and that the bottles without labels did have wire over the corks. It was shown by a witness named Morrow that on several days named by him, to wit, 30th day of October, 1908, 4th day of November, 1908, 8th day of November, 1908, and 2d and 11th days of same month, he *bought at said place whisky from a man named Wilson, and that on one of these dates appellant was in the house, and when witness walked in appellant called this man Wilson off and said to him: "Do you know this man? I don't want to let anyone come in here that will give us trouble,"* to which Wilson replied: "I know him; he has been in here before." It was also shown by another witness that he had bought at said place, from the appellant in person, a half pint of whisky, and paid him for it. Other purchases of whisky were testified to by different witnesses. It was shown without dispute that this building was rented to appellant, and that appellant paid the rent thereon from June to November, 1908, inclusive, and that he paid the water rent on same. It was also shown that during the time inquired about that men in a state of intoxication would not infrequently be seen going and coming out of this building. Evidence introduced by J. M. Binkley, a resident of Sherman for many years, by the county judge, and the judge of the Fifteenth Judicial District Court of Grayson County, showing that the building in question had continuously, from July to October 15th, the general reputation of being a house where spirituous, vinous and malt liquors were sold and kept for sale, and that this reputation had endured for three or four years. It was shown further that appellant had no license, and none had been issued to him from July 1st to October 15th, and no one connected with him or the house in question, to conduct the business in which he was engaged.

Under the decisions of this court the State's case was perfect, and if the testimony of the witnesses was credible, left appellant utterly without defense. No testimony was introduced on the part of appellant. The issue was submitted by the trial court in his general charge in a manner that is not substantially criticised. The only possible defect in the charge given by the court was supplied by special instruction No. 10, given by the court at the request of counsel for appellant, to the effect, in substance, that they could not convict appellant on any count in the indictment on the act or conduct of anyone in the building, unless the defendant knew of such acts at the time, or unless such party had the authority or instructions from the defendant to so do such act, or unless the defendant ratified said act or conduct. There are a great many exceptions in the record, but, after all, they revolve around and embrace only two or three questions. All of these questions have been decided adversely to appellant in the case of Joliff v. State, 53 Texas Crim. Rep., 61; 109 S. W. Rep., 177. That case received at the time, both on original submission and on rehearing, the most patient and careful attention. We believe it is the law and should be followed.

We there held, as we now hold, that the act under which appellant is indicted is not invalid in that the caption embraces more than one subject. We there held as we now hold, that proof of general reputation is receivable in evidence as other testimony on the issue of the character of the house. We there held as we now hold, that the fact that appellant could not, under the law, obtain license to sell intoxicating liquors, for the reason that such sale was prohibited in Grayson County, does not give him an exemption from punishment under this law. In other words, because he can not obtain a license does not put him in a better position in respect to this law than one would be who could obtain such license, and refused to do so. A somewhat similar question was exhaustively discussed in the case of Snead v. State, 55 Texas Crim. Rep., 583, 117 S. W., 983. We deem it unnecessary to discuss the facts further. That appellant was in open violation of the law conducting a retail liquor establishment in a place where such business is prohibited is shown by the testimony practically beyond doubt. That he has had a fair trial the record, we believe, demonstrates. It follows, therefore, that the judgment of conviction must be affirmed and it is accordingly so ordered.

*Affirmed.*

[Rehearing denied June 9, 1909.—Reporter.]