## FELIX TACHINI V. THE STATE.

### No. 345. Decided April 13, 1910.

**1.—Disorderly House—Spirituous Liquors—Constitutional Law—Indictment.**

The Act of the Thirtieth Legislature making it unlawful for anyone to sell spirituous or malt liquor, etc., in local option territory, is constitutional, and an indictment drawn under the said Act is good on motion to quash. Following Joliff v. State, 53 Texas Crim. Rep., 61.

**2.—Same—Indictment—Intoxicating Liquors.**

In a prosecution, under the Act of the Thirtieth Legislature amending article 355, Penal Code, defining disorderly houses, it is not necessary that the indictment allege that the liquors kept for sale were intoxicating.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of keeping a disorderly house for the sale of spirituous liquors, where the evidence showed that defendant was present during the sales of the liquor; that he controlled the house in which they were sold; that he held an United States Revenue license, and that the reputation of the house was established as being a place where liquor was sold, the same was sufficient to sustain a conviction.

**4.—Same—Evidence—Introductory Questions.**

Upon trial of a violation of selling liquor without license in local option territory, and keeping a disorderly house, there was no error in permitting State's counsel to ask introductory questions leading up to the particular transaction inquired about.

**5.—Same—Evidence—Ownership and Control of House.**

Upon trial of keeping a disorderly house for the sale of spirituous liquors, there was no error in admitting testimony that the property in which the business was conducted was rendered for taxes by defendant in the name of his wife. Following Wimberly v. State, 53 Texas Crim. Rep., 11.

**6.—Same—Evidence—General Reputation.**

Upon trial of keeping disorderly house for the sale of spirituous liquors, etc., there was no error in admitting testimony as to the general reputation of the house in question during the period set out in the indictment.

**7.—Same—Evidence—Detective—Credibility of Witness.**

Where, upon trial of keeping a disorderly house, etc., the defense claimed that the prosecuting witness received a commission as a detective for making arrests in such cases, and the defendant asked what percent he got, to which question the State's counsel objected, and he answered that he received no commission, there was no error in the court's action in sustaining said objection.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of keeping a disorderly house for the sale of spirituous liquors, etc.; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*E. J. Smith* and *Head, Dillard, Smith & Head,* for appellant.—On question of the insufficiency of the evidence and that defendant did not control the house in question: Sweeney v. State, 49 Texas Crim.

Rep., 226, 91 S. W. Rep., 575; O'Brien v. State, 55 Texas Crim. Rep., 319, 117 S. W. Rep., 133.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—Appellant was convicted in the court below upon an indictment containing ten counts charging the keeping of a disorderly house on the several dates mentioned in the bill of indictment. He was convicted for being concerned in keeping a disorderly house on the 8th, 15th and 17th days of November, 1908, and his punishment assessed at $200 fine and twenty days in jail for each of said dates. From this conviction he appeals to this court and seeks a reversal upon several grounds.

The record is very voluminous and contains twenty-three bills of exceptions. It is to be regretted that counsel for appellant has filed no brief in this court, and we are called upon to decide this case without being aided by any brief furnished by appellant. As before stated, the indictment contains ten counts. The case, however, was submitted by the court below to the jury on the five grounds charging appellant with keeping and being concerned in keeping a disorderly house. The five counts charging appellant with knowingly permitting the house owned by him to be kept as a disorderly house were withdrawn from the consideration of the jury by the court, and the case submitted to the jury on the counts charging him with keeping a disorderly house on the second day of September, 1908, on the second day of October, 1908, on the 8th day of November, 1908, and on the 17th day of November, 1908, and, as before stated, he was convicted on three of these counts, that is, for the 8th, 15th and 17th days of November. Appellant moved to quash the indictment in this case upon several grounds. One that the law was unconstitutional because it embraced more than one subject, and that the indictment alleges no offense known to the law as it is not unlawful for anyone to sell spirituous or malt liquors with or without a license unless said liquor be intoxicating; and that there is no allegation that the liquors kept for sale were intoxicating liquors; that said indictment does not charge an offense because the defendant could not obtain a license under the laws of this State to retail liquors in a local option territory, because said law was superceded by the Baskin-McGregor law, and also various other grounds to the failure of the grand jury to set out the particular facts that would constitute him owner, etc. Practically every objection that is raised in this case was raised in the Joliff case, reported in the 53 Texas Crim. Rep., 61, in which Judge Ramsey in a very exhaustive opinion reviewed all the questions raised in this case on the sufficiency of the indictment and on the constitutionality of the Act of the Legislature, making persons who should sell liquors without first obtaining a license, the keeper of a disorderly house. We can add nothing to the opinion of the court in the Joliff case and, therefore, content ourselves by saying

that the court below did not err in not quashing the indictment and that the indictment alleged a violation of the law and that the act· under which the indictment was drawn is constitutional.

Complaint is made in the motion to quash that the bill of indictment failed to allege that the liquors kept for sale were intoxicating. The terms of article 359, Penal Code, as amended by the Act of the Thirtieth Legislature defining disorderly houses, does not use the word "intoxicating," but says a disorderly house is where spirituous, vinous or malt liquors are kept for sale without first having obtained a license, etc. We, therefore, hold that it is not necessary for the pleader to allege that the liquors were intoxicating.

In the motion for new trial counsel complain that the court erred in not giving the peremptory instruction requested by him to return a verdict of not guilty, because the evidence was insufficient to sustain the conviction. We can not assent to appellant's contention that the evidence was insufficient. The evidence was abundantly sufficient that appellant himself, or through his agent, White, sold, to different parties on the different dates mentioned, whisky. The State not only proved that appellant was present when these sales were made, but that he had secured an internal revenue license from the Federal Government covering the period when these different sales were made. The license was procured on July 23, 1908, for one year for $25 and for the sale of whisky at 127 Main Street, Denison, Texas. This was the place where the whisky was bought; this was the place where the defendant stayed; this place was known as his property and he gave it in for taxation as the property of his wife. He was occupying the same as a place of business. Testimony of witness after witness was offered as to the general reputation of the house. He is shown not to have procured any license from the State of Texas for conducting business. We think the proof establishes beyond doubt that appellant was engaged in keeping a disorderly house in violation of the law, and that a jury could not do otherwise than convict him. He offered no proof in the trial of the case. As before stated, the record has a great number of bills of exceptions taken during the trial of the case to the introduction of the testimony and to the charge of the court.

The first bill of exceptions is to the action of the court in refusing to quash the bill of indictment.

The second bill of exceptions is to the action of the court in permitting the State to ask the witness Morrow when on the witness stand if he had ever had any business transaction in the house owned by appellant, meaning 127 West Main Street and the house in question, because the same was too remote, too general and not confined to any particular time. This question was introductory and was proper under the circumstances.

The third bill of exceptions was that the witness Morrow was asked at what time he had been in the house, 127 Main Street, and this was objected to. We state the above to show the character of bills of

exceptions running through this record and which we think are a trivial character. All of these questions were but introductory, leading up to the particular transaction inquired about. It may be stated that it could serve no useful purpose to set out the numerous bills of exceptions that were taken during the trial in the court below. We hold that none of them were well taken and that the court below did not err in any of the actions complained of.

However, bill of exceptions No. 10 was taken by the appellant to the action of the court below in permitting the State to prove that the property, being 127 West Main Street, Denison, Texas, was rendered by the appellant for his wife, Virginia, and that the appellant made an affidavit as to the ownership and the value of the said property. We think that this testimony was clearly admissible as a circumstance to show ownership of the property and also as a circumstance connecting the defendant with the keeping of the house. See Wimberly v. State, 53 Texas Crim. Rep., 11.

Also a bill of exceptions was taken to the action of the court in permitting the various witnesses to testify as to the general reputation of the house in question during the periods set out in the indictment. This testimony was admissible, as it has been held by this court in a number of cases commencing with the Joliff case, supra, that in all prosecutions for the keeping of disorderly houses it is permissible for the State to prove the general reputation of the house.

Finding no error in the action of the court below, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

April 13, 1910.

McCORD, Judge.—On a former day of this term this case was affirmed. Appellant has filed a motion for rehearing contending that this court was in error in affirming the case, first, because the court below erred in sustaining the objections to certain questions propounded to the witness Morrow as shown by bill of exceptions No. 8, and that this court was in error in affirming the judgment in this case, because the testimony was wholly insufficient to support the verdict. In the original opinion in this case this statement was made: "The evidence was abundantly sufficient that appellant himself, or through his agent, White, sold, to different parties on the different dates mentioned, whisky." We are in error in stating that White was the agent of appellant. The name of the party who was in charge and who made most of the sales was not White, but Hayes, and the original opinion in this respect should be corrected. In regard to bill of exceptions No. 8, we will state that in the trial of the case while the witness C. E. Morrow was on the stand and being cross-examined by the appellant, said witness having testified that he had been employed as a detective by the sheriff of Grayson County, being paid $1.50 a day

and his expenses, he was afterwards appointed a deputy sheriff as a commission man, that is, that he got a certain percent on all the work that he did. He was then asked the following question: "What percent did you get?" The State's counsel objected to this question as being irrelevant and immaterial. The objection was sustained by the court, and had witness been permitted to answer he would have testified that he received sixty percent of the sheriff's fees for the work done and for the work that he got. This bill was qualified by the trial judge as follows: "This bill is allowed with the qualification that the witness stated that he was to get no commission in this case." In the absence of this qualification we would hold that the court below was in error in not permitting the question to be answered, it being a familiar rule that a party is entitled to inquire into the interest of a witness as showing bias in a case and as affecting the weight that should be given to his testimony, but in this case the Judge's qualification shows that this witness was receiving no commissions in this case, and in view of the qualification we hold that the court below was not in error in not permitting the witness to answer.

It is also insisted earnestly before this court that the testimony is wholly insufficient to support the verdict. We can not agree to this contention. The proof shows that appellant's wife owned a store house, known as No. 127 West Main Street, Denison, Texas. The proof also shows that this was the place where the appellant stayed all the time; that it was the place where he transacted his business; that he had an iron safe in the store, and appellant gave this property in for taxation which he claimed he held for his wife, Virginia Tachini. The witness Arthur White testified that he was collector for Tim Murphy, who was in the transfer business; that he had had business transactions with the appellant; that these business transactions run from May, 1908, to February, 1909; that he collected freight bills from the appellant at 127 West Main Street; that appellant would get the money to pay these freight bills out of his safe and that the safe was located in the front of this building. The State further proved that appellant had taken out a United States Revenue License for one year, commencing the first of July, 1908, and that the payment for said revenue license was made on July 23 of the same year, and that this was taken out for a retail liquor dealer's business, and that the place of business was designated as 127 West Main Street, Denison, Texas. The proof established further by several witnesses that he had purchased whisky in said house, 127 Main Street; that the purchases were made from a man named Haynes; that the appellant was always around there when these purchases were made. By a number of witnesses the reputation of the house was established as being a place where liquor was sold. The fact that appellant owned this property or controlled it; the fact that he was there all the time; the fact that he transacted business there, kept his safe there, paid his bills there; the fact that he was around there when the sales were made; the fact that he held United

States Revenue License to conduct a retail liquor dealer's business in said house, all go to show that appellant was in some manner interested in the sale of whisky at said place. If a crime can be made out by circumstantial testimony, this case was made out. We, therefore, hold that the testimony abundantly shows the guilt of appellant and there being no error pointed out in the motion for rehearing of sufficient importance to require a reversal, the motion for rehearing is overruled.

*Overruled.*