### GEORGE MILAM V. THE STATE.

#### No. 1593.   Decided April 10, 1912.

**1.—Keeping Disorderly House—Selling Spirituous Liquors—Bill of Exceptions.**

Where, upon appeal from a conviction of keeping a disorderly house by keeping for sale spirituous, etc., liquors without license, the bills of exception to certain testimony with reference to such sale were entirely defective, the same could not be considered on appeal; besides, such testimony was clearly admissible. Following Conger v. State, 63 Texas Crim. Rep., 312, and other cases.

**2.—Same—Charge of Court—Misdemeanor.**

In the absence of a bill of exceptions or requested charge, in a misdemeanor case, complaints to the charge of the court can not be considered on appeal. Following Basquez v. State, 56 Texas Crim. Rep., 329.

**3.—Same—Charge of Court—License—Burden of Proof.**

Where defendant was charged with keeping and selling spirituous, etc., liquors without license, the court correctly charged that the burden was on defendant to show he had license. Following Lucio v. State, 35 Texas Crim. Rep., 320, and other cases.

**4.—Same—Continuance—Bill of Exceptions.**

In the absence of a bill of exceptions, the overruling of a motion for continuance can not be considered on appeal.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of keeping a disorderly house by the sale of spirituous, etc., liquors without license, the evidence sustained a conviction, there was no error.

**6.—Same—Newly Discovered Evidence—Want of Diligence.**

Where the alleged newly discovered evidence was insufficient, and no proper diligence was shown to procure the same before trial, there was no error. Following Gray v. State, 65 Texas Crim. Rep., 204.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of keeping a disorderly house by sale of

spirituous liquors; penalty, a fine of $200 and twenty days in the county jail.

The opinion states the case.

G. Q. Youngblood, for appellant.—On the question of insufficiency of evidence: Joliff v. State, 53 Texas Crim. Rep., 61, 109 S. W. Rep., 176.

C. E. Lane, Assistant Attorney-General, for the State.—Cited cases in opinion.

PRENDERGAST, Judge.—The appellant was prosecuted and convicted under articles 496 and 500 Penal Code (new), for unlawfully keeping and being concerned in keeping a certain house in which spirituous, vinous and malt liquors were sold and kept for sale, without first having obtained a license to retail such liquors, and his penalty fixed at a fine of $200 and twenty days in jail.

The appellant has only three bills of exceptions. By the first he shows that the State introduced Joe Davis and asked him this question: "On the 5th day of August what time in the day was it that you were there? A. Well, we went to work at 12 o'clock in the day and worked until 12 o'clock at night, and continued around the place from 12 o'clock in the day until 12 o'clock at night." The appellant objected to said question because it was leading and there was no allegation in the information of any offense having been committed on August 5. That is in substance the full of the bill.

The second is that the State introduced Robert Hamlin, as a witness and asked him, "How many times will you say you bought beer from him? A. Three times any way." Appellant objected because said question was leading and did not confine the answer of the witness to sales of beer alleged in the information in point of time. That is in substance the whole of this bill. The court in approving it qualified it by stating: "The State (witness) had previously stated that he had bought beer from defendant and the State asked this question to fix the number of times he had bought beer."

The other bill is that the State introduced the following testimony, to wit: Lee Thompson and Joe Davis were allowed to testify that a Federal liquor license was on wall at Minter's place, that said license was issued to one Brewer, and that same was a live license. Appellant objected and moved the court to strike the same from the records, unless the State showed defendant had some connection with said Federal license. The court overruled said objection and motion and admitted said evidence.

Clearly, neither of these bills are sufficient to require this court to pass upon the questions attempted to be raised. Conger v. State, 63 Texas Crim. Rep., 312, 140 S. W., 1112, and authorities there cited. However, the character of testimony here objected to was clearly ad-

missible in this character of case. Tacchini v. State, 59 Texas Crim. Rep., 55, 126 S. W., 1139; Joliff v. State, 53 Texas Crim. Rep., 61.

No bill of exceptions whatever was taken to the charge of the court or any part thereof. Neither did the appellant request any special charge to be given on any point. Therefore, the complaints of the charge, made first in the motion for new trial, can not be considered by us. Basquez v. State, 56 Texas Crim. Rep., 329. Section 813, subdivision 6, White's Ann. Code Criminal Procedure, p. 533, for collated cases.

The court correctly charged in this case that the burden was on appellant to show he had a license. Lucio v. State, 35 Texas Crim. Rep., 320 and cases cited in section 1058 White's Code Criminal Procedure.

No bill of exceptions shows that any motion for continuance was had or overruled; hence, appellant's motion for new trial on this ground can not be considered.

The testimony is amply sufficient to have justified the verdict of the jury. In fact, from it we conclude no other verdict should have been rendered.

The ground for new trial in appellant's motion, because of newly discovered evidence, wholly fails to show any diligence whatever. Besides, the motion in attempting to set up the facts wholly fails to meet the requirements necessary to show that a new trial should have been granted on this account. Gray v. State, 65 Texas Crim. Rep., 204, 144 S. W., 284.

*Affirmed.*