# APRIL, 1913.

### JIM SNIDER v. THE STATE.

#### No. 2358.    Decided April 2, 1913.

**1.—Disorderly House—Selling Spirituous Liquors—Information.**

Where, upon trial of keeping a disorderly house in which spirituous and other liquors were kept for sale without license, the information followed approved precedent, the same was sufficient. Following Joliff v. State, 53 Texas Crim Rep., 61, and other cases.

**2.—Same—Evidence—Declarations by Defendant.**

Where defendant was not under arrest at the time he made the declarations that he was the manager of the place where the liquors were sold, there was no error in admitting same in evidence. Following Williams v. State 53 Texas Crim. Rep., 2, and other cases.

**3.—Same—Date of Offense.**

Where the record showed that the acts constituting the offense were committed prior to the arrest of the defendant and the filing of the complaint, there was no error on this ground.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of keeping a disorderly house, for the sale of intoxicating liquors; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Ed Sewell,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of arrest and confession: Craig v. State, 30 Texas Crim. App., 619; Connell v. State, 45 Texas Crim. Rep., 142; Gay v. State, 40 id., 252; Martin v. State, 57 Texas Crim. Rep., 264, 122 S. W. Rep., 558.

HARPER, JUDGE.—Appellant was prosecuted under article 496 of the Penal Code, charged with keeping a disorderly house in that he did keep and was concerned in keeping a house in which spirituous, vinous and malt liquors were sold and kept for sale without first having obtained a license under the law of this State to retail such liquors.

Appellant filed a motion to quash the information and complaint,

but as the grounds relied on by appellant were passed on adversely to his contention in the cases of Tachini v. State, 59 Texas Crim. Rep., 55, 126 S. W. Rep., 1139, and Joliff v. State, 53 Texas Crim. Rep., 61, we do not deem it necessary to discuss them again.

It appears that the officers went to the place where the intoxicating liquors were being sold and had a conversation with appellant in which he told them he was manager of the place. On cross-examination it developed that these officers would not have let appellant leave if he had tried, and that after having this conversation with appellant, and they watched and saw the liquors being sold to men and women, they arrested him and carried him to jail. Appellant moved the court to strike out the conversation of appellant with the officers as he was under arrest. Nothing had been said to appellant at the time that would indicate to him or cause him to suspicion that he was likely to be arrested, therefore, the court did not err in refusing to exclude this testimony. Williams v. State, 53 Texas Crim. Rep., 2; Hart v. State, 15 Texas Crim. App., 202; Martin v. State, 57 Texas Crim. Rep., 264.

The only other contention of appellant in his brief is that the testimony does not clearly and unequivocally show that the offense was committed prior to the filing of the complaint in this cause. When we read the testimony we think it is manifest that the acts testified to by the witnesses were shown to have taken place prior to the arrest of defendant and the filing of the complaint in this cause.

The judgment is affirmed.

*Affirmed.*