## THE STATE v. LYCURGUS McCRACKEN.

1. CONSTITUTIONAL LAW. Section 17 of the General Provisions of the Con-
stitution provides: " Every law enacted by the Legislature shall em-
" brace but one object, and that shall be expressed in its caption." *Held*
that though the provision is mandatory, yet where the caption of an act
amendatory of another misrecites the date of the act intended to be
amended, and the original act was the only one ever passed on the same
subject-matter, the mistake in date could surprise or mislead no one, and
the validity of the amending enactment was not affected thereby.

APPEAL from Gonzales.    Tried below before Thomas M.
Harwood (Special Judge).

*Kitrell,* for the State.

ROBERTS, C. J. Chapter II. of Title XXI of the Penal Code
adopted by the Legislature of Texas, and approved on the 26th
of August, 1856, was headed, " Of threats to commit offenses,"
and contained four Articles, numbers 784, 785, 786, and 787.
The first of which, 784, defined the offense, and the others were
dependent upon and explanatory of that one.

From some cause the leading article, 784, was entirely left
out of Paschal's Digest, without any explanation to show
whether it was accidentally or designedly omitted.

For the purpose, either of restoring this omission, or of in-
creasing the penalty, the Legislature, on the 18th of October,
1871, re-enacted all of the sections of said chapter, with a change
alone as to the punishment, with a title as follows :

" CHAPTER XI.

*"An Act to amend an Act entitled ' An Act to adopt and estab-*
  *" ' lish a Penal Code for the State of Texas, approved*
  *" ' August 26, A. D. 1871.'*

" Section I. *Be it enacted by the Legislature of the State of*
" *Texas,* that Title XXI., Chapter II., of an Act entitled ' An
" ' Act to adopt and establish a Penal Code for the State of
" ' Texas, approved August 26th, A. D. 1856,' be so amended
" as to read as follows :

" Article 784. If any person shall threaten to take the life of
" any human being, or to inflict on any human being any serious
" bodily injury, he shall be punished by confinement in the pen-
"itentiary for a period of not less than one year nor more than
" five years, or by fine of not less than five hundred dollars, nor
" more than two thousand dollars."

Then follows Articles 785, 786, 787, as they are in Paschal's
Digest of Laws. The word and number, " Chapter XI.," con-
stituting the above heading, has reference to the chapter in the
general laws of the " Second session, 1871," and not to the
chapters of the Penal Code. Pamphlet Act, p. 15, 2 Sess.
1871. 12th Legislature. 2 Paschal's Digest, p. 1338.

The defendant was indicted for seriously threatening to take the life of one Diances Beaty, alleged to be a human being, and the indictment was filed on the 11th of May, 1874, since the enactment referred to of the 18th of October, 1871. The indictment is in regular form. An exception was filed to set it aside, on the ground that "there was no law to support said "indictment," which being sustained, an appeal was taken by the District Attorney to this court.

No brief has been filed pointing out any objection to the indictment or to the law. We are informed that the exception was sustained on account of the mistake in the title to the Act of the 18th of October, 1871, in which it is recited that the Act amended was "approved August 26th, 1871," instead of "approved August 26th, 1856," as it should have been; and that thereby the amendatory Act of 18th of October, 1871, was rendered void for want of compliance with Section 17 of the General Provisions of the Constitution of the State of Texas, which prescribes that, "Every law enacted by the Legislature "shall embrace but one object, and that shall be expressed in "the title." (Paschal's Digest, page 1127.)

As to whether this provision is mandatory or only directory to the Legislature, has been decided differently by different States in which.it has been adopted. (Cooley's Con. Lim., 141, Sedgwick Stat. and Con. Law, 53–568.)

In the case of Cannon v. Hemphill, Chief Justice Hemphill says, speaking of this Section, "It would be irrational to suppose that this provision of the Constitution is merely a directory one, which may be obeyed or disregarded at the will "and caprice of the Legislature." (7 Texas R., 208. Also see San Antonio v. Gould, 34 Texas R., 49.)

One of the leading objects of this provision, as shown by all of the authorities, is to prevent surprise, misapprehension, or deception upon the Legislature, and upon the public, by the insertion in the Act of something that would not be indicated by the title of the Act. That was one of the principal evils that led to its adoption. (Tadlock v. Eccles, 20 Texas R., 782.)

---

---

Now can this mistake of inserting **1871** for **1856**, as being the year when the Penal Code designed to be amended was approved, take any one by surprise, or in any way mislead any one as to the object or application of the amendment? We think not. Texas never had but one "Penal Code," in the sense conveyed in this title, and that was approved on the 26th of August, 1856; and it has been amended continually ever since its adoption, by referring to it in the titles of the amendatory acts, as the Penal Code, not meaning thereby generally a body of criminal laws in force in the State, but specially the Penal Code that was adopted as one act of the Legislature, and which was approved on the 26th of August, 1856. There was no such act establishing a Penal Code in 1871.

The leading object, as expressed in this title, was the amendment of the Penal Code, there being but one such, according to the understanding of all persons who understood anything about it, and the date assigned to it of "1871" would rarely be noticed at all, and when noticed, would be known to be a mistake or misprint; and therefore no one could be misled by it to his prejudice.

In holding this provision to be mandatory, it has been well said, that it would be appropriate to give it a rigorous and technical construction. (Walker v. Calwell, 4 Am. La. R., 298.)

We are of opinion that the court below erred in sustaining the exception to the indictment.

Judgment reversed and cause remanded.

Reversed and remanded.