State v. Dashman.

## THE STATE v. DASHMAN, Appellant.

### Division Two, January 23, 1900.

1. **Burglary:** RECEIVING STOLEN GOODS. Certain stolen goods were found the night after their theft, in defendant's trunk, and between the mattresses of his bed. There was no evidence of defendant's presence in the room at or after the time of the burglary, up to the time of his arrest. The State showed that, after being taken to jail, defendant stated to a detective, "I am in this;" that said property was first brought to the rear of a restaurant, a short distance from defendant's room; that he knew the parties that came there with it; and that he knew he had done wrong in allowing it to go into his place. Upon the detective asking him who the parties were, defendant refused to talk further. *Held,* that the testimony showed defendant guilty of receiving stolen goods, but would not sustain a conviction of burglary.

2. ———: ———: CONFLICT IN EVIDENCE AND INDICTMENT. Defendant was indicted for burglary, the stolen goods being found in his room. The State introduced evidence of statements by defendant that he knew the parties who had stolen the goods, and that he had done wrong in allowing them to be brought to his place. *Held,* that the State, having given credit to the theory that defendant had received the stolen goods, by offering the admissions, could not insist on a conviction of burglary, based on that portion of the evidence relating alone to recent possession of the stolen goods.

Appeal from St. Louis City Circuit Court.—*Hon. Jacob, Klein,* Judge.

REVERSED AND REMANDED.

*Chas. P. Johnson* and *Geo Fickeissen* for appellant.

*Edward C. Crow,* Attorney-General, for the State.

SHERWOOD, J.—Burglary and larceny were charged in the indictment found against Albert Wietzfield, George Dashman, William Dashman and Edward Dashman. The goods and building were charged to be the property of Sol.

Pollock.   Severance was granted; defendant was tried and being found guilty of both burglary and larceny was awarded three years in the penitentiary for the burglary and two years for the larceny.

Defendant demurred to the evidence of the State but without effect and offered no testimony in his own behalf. The evidence showed very clearly the commission of the crimes charged in the store of Pollock and the identity of the goods produced in evidence with those stolen was established.   The evidence also showed that defendant lived at 1526 North Broadway and the goods in question being stolen on the night of March 8, 1898, were found afterwards at that place on the following night in a trunk of defendant's, and Will Dashman, a brother of defendant's, and one of those indicted, was there with a woman and sold some of the stolen coats to parties there present, and a portion of the coats, three were found in between the mattresses of the bed on which defendant slept, and dresses of his wife were found in the same room.   There was no evidence of defendant's presence at the premises, 1526 North Broadway, at or after the time of the occurrence of the burglary and larceny up to the time of his arrest.   Defendant said to detective Friez, after being taken to jail, "I am in this." He further stated to detective Badger, after his arrival at the locality just indicated, as follows:   "He said he was living at that number 1526 North Broadway, and he said the property was first brought in the rear of the Traders' Restaurant, which is No. 1437 North Broadway, and he stated that he knew the parties that came there with it, and he said he knew he had done wrong in allowing it to go into the place at all, and I asked him if he couldn't turn the parties up to me, and he got indefinite about it.   I know I went down stairs after he was confined down stairs in the holdover and tried to induce him to tell me who it was and he would not talk to me at all about it.   He was mad about something."

This quotation made from defendant's statements to

Badger, shows very clearly that defendant was guilty of receiving and concealing stolen goods knowing them to have been stolen, and not of stealing those goods. If guilty of either offense he certainly could not be guilty of the other. The evidence of the State must be taken as a whole. The evidence of the goods being found in defendant's room is entirely consistent with the theory of receiving and concealing, but evidence of the admissions made by defendant to Badger is entirely inconsistent with any theory other than that of receiving and concealing. The State having given credit to this latter theory by offering those admissions in evidence, has stamped the nature and character of defendant's crime upon the transaction, one entirely different from that charged in the indictment, and can not now insist on a conviction of burglary and larceny based on that portion of the evidence relating alone to recent possession of stolen goods. It is unnecessary to say what conclusion we should have reached had the State omitted to introduce in evidence the admissions of defendant made to Badger. The subject of receiving and concealing stolen goods has recently been discussed in State v. Guild, 149 Mo. 370.

For these reasons we reverse the judgment and remand the cause in order that it may be tried in conformity with the foregoing views. All concur.