

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

January 13, 1964

Mr. Frank M. Jackson                    Opinion No. C-202
Executive Secretary
Teacher Retirement System  of Texas     Re:  Whether benefits under
201 East 14th Street                         the Teacher Retire-
Austin 14, Texas                             ment System Act, as
                                             amended in 1955, are
                                             subject to inheritance
Dear Mr. Jackson:                            tax.

        We have received your letter from which we quote as
follows:

        "The Inheritance Tax Division of the Of-
    fice of the State Comptroller of Public Ac-
    counts has asserted a claim against Gertrude
    A. Herm for State Inheritance Tax on the value
    of an annuity payable to her by the Teacher
    Retirement System of Texas.  She is receiving
    this annuity as the sister and nominee of
    Hattie L. Herm, a deceased member of the
    Teacher Retirement System.  Miss Hattie L.
    Herm taught in the public schools of Texas
    for 43 years, deposited $4,986.25 to her
    account in the Teacher Retirement System and
    named Gertude A. Herm to receive any payments
    which after her death might be due under the
    terms of the Teacher Retirement Law of the
    State of Texas.  The Comptroller has set a
    value of $13,190.20 on this annuity.  Miss
    Hattie L. Herm died July 29, 1962.

        "Since the enactment of the first Teacher
    Retirement System act in 1937, the statute
    has carried the following provision, in sub-
    stance:

        "'The right of a person to an annuity or a
    retirement allowance, to the return of contri-
    butions, annuity, or retirement allowance it-
    self, any optional benefit or any other right
    accrued or accruing to any person under the
    provisions of this Act, and the moneys in the
    various funds created by this Act, are hereby
    exempt from any State or municipal tax, and

-976-

exempt from levy and sale, garnishment, attachment, or any other process whatsoever, and shall be unassignable except as in this act specifically provided.'"

You call attention to Opinion No. WW-92, dated October 17, 1957, by this office, which held that the above quoted provision of the 1937 Act is of no effect since the caption of the Act did not carry a notice of the above exemption from inheritance taxes. You also state that the Board of Trustees of the Teacher Retirement System requests that we reconsider said opinion, especially in the light of two acts of 1955 and 1963.

We believe that said Opinion No. WW-92 has no effect on such benefits accruing on or after November 6, 1956 for the reasons hereinafter stated.

Chapter 530, page 1638 of the Acts of the Regular Session of the 54th Legislature, 1955 (V.C.S. Art. 2922-1) amended the Teacher Retirement System Act of 1937 and had a caption reading as follows:

"An Act amending Chapter 470, Acts of the Regular Session of the 45th Legislature (as heretofore amended) pertaining to the Teacher Retirement System of Texas; prescribing the conditions upon which this Act shall become effective as a law; declaring the Act to be severable; and declaring an emergency."

Section 9 of the original Act of 1937 above quoted from your letter was made Section 16 of the Act of 1955 in identical language of the exemption set out in the Act of 1937. Since the Act of 1955 amends the Act of 1937, the caption of the 1955 Act above quoted is sufficient. State v. McCracken, 42 Tex. 383 (1875) and Gunter v. Texas Land Mtg. Co. Ltd., 82 Tex. 496, 17 S.W. 840 (1891).

The case of English & Scottish American Mortg. & Inv. Co. v. Hardy, 93 Tex. 289, 55 S.W. 169 (1900) is directly in point and is decisive on the question of the sufficiency of the caption of the 1955 amendment. In 1897 the Legislature passed an act entitled "An act to amend Articles 641 and 642, Chapter 2, title 21, of the Revised Civil Statutes of Texas relating to the creation of corporations." (Emphasis ours). The body of the act, in addition to matters relating to the creation of corporations, in its last proviso, read as follows:

". . . that foreign corporations obtaining permits to do business in this state shall

show to the satisfaction of the secretary
of state that fifty per cent of their author-
ized capital stock has been subscribed, and
that at least ten per cent of the authorized
capital has been paid in, before such permit
is issued."

The Court stated:

"The contention of plaintiff is that the
last proviso, relating to permits to foreign
corporations, is not embraced within the sub-
ject named in the title to the act.  If we
could disregard the reference in the title to
the number of the article of the Revised
Statutes to be amended, and look alone to the
words 'relating to the creation of private
corporations,' as expressing the whole subject
of the act, it may be true that such expression
would not be broad enough to admit provisions
concerning the issuance of permits to foreign
corporations.  This it is unnecessary to decide,
since, in view of the previous decisions in
this and other courts, and of the course of
legislation based upon their authority, it must
be held that such a reference to the number of
an article in a code, such as our Revised
Statutes, is sufficient, in the title of an
act amendatory thereof, to allow any amendment
germane to the subject treated in the article
referred to.  Gunter v. Mortgage Co., 82 Tex.
502, 17 S.W. 840; State v. McCracken, 42 Tex.
384.  Many decisions from other states to the
same effect might be cited.  The reason for
the decisions holding this proposition must be
that the naming of the article to be amended
directs attention to all of the provisions
therein, as the subject of the amending act,
and that such provisions can be ascertained by
reading the article to be amended.  However
questionable may be the practice, and the deci-
sions by which it has been recognized as valid,
it has been so long and so often followed that
this court would not be justified in now holding
it to be a violation of the constitution.  The
effect of the reference to the article to be
amended is not restricted by other language
of the title to the act in question.  Such other
language is, as far as it goes, properly descriptive
of the subject of the amended as well as of the

amendatory act. It simply does not cover
the whole of the subject; but the reference
to the number of the article to be amended
does include, as the subject of the amendatory
act, the whole subject embraced by the provi-
sions of the former. It is that article which
the title proposes to amend, and not merely
such parts of it as relate to the creation of
corporations. . ."

The Texas Supreme Court cited the above case with approv-
al in Board of Water Engineers v. City of San Antonio, 155 Tex.
111, 283 S.W.2d 722 (1955).

This 1955 amendment in unequivocal language states that
the teacher's annuities, retirement allowances, et cetera, "are
hereby exempt from any state or municipal tax." The inheritance
tax is a state tax.

You are therefore advised that since the effective date
of the 1955 amendment of the Teacher's Retirement System, that
the right of a person to an annuity or a retirement allowance,
to the return of contributions, annuity, or retirement allowance
itself, any optional benefit or any other right accrued or ac-
cruing to any person under the provisions of this Act, and the
monies in the various funds created by this Act are exempt from
state and municipal taxes, including the State Inheritance tax.

The Act of 1955 provides that said amendment shall
become effective on November 6, 1956, and for that reason we
say that Opinion No. WW-92 is not effective as applied to bene-
fits under said Retirement Act accruing since said date.

## S U M M A R Y

Since the effective date of the 1955 amendment
of the Teacher's Retirement System, the right of a
person to an annuity or a retirement allowance, to
the return of contributions, annuity, or retire-
ment allowance itself, any optional benefit or any
other right accrued or accruing to any person
under the provisions of this Act, and the

monies in the various funds created by this
Act are exempt from state and municipal taxes,
including the State Inheritance Tax.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By H. Grady Chandler
Assistant

HGC/jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

John Reeves
Albert P. Jones
Linward Shivers
Robert Smith

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone