# THE ATTORNEY GENERAL
# OF TEXAS
AUSTIN, TEXAS 78711



CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 18, 1967

Honorable Michael D. Earney       Opinion No. M-135
County Attorney
Ector County Courthouse           Re:  Validity of certain pro-
Odessa, Texas  79760                   visions of House Bill 78,
                                       Acts of the 60th Legis-
                                       lature, Regular Session,
                                       1967, Chapter 680, Page
                                       1785 (relating to fees of
                                       county clerks and clerks
                                       of county courts) which
                                       purport to repeal certain
                                       fees for attorneys and
                                       physicians under court
                                       appointment in certain
Dear Mr. Earney:                       cases.

          You have requested our opinion as to whether the pro-
visions of Subparagraph (a) (v) of Subsection B of Section 1
of Article 3930b, Revised Civil Statutes of Texas, 1925, as added
by the provisions of House Bill 78, Acts of the 60th Legisla-
ture, Regular Session, 1967, Chapter 680, Page 1785 at Page 1786,
are in violation of the provisions of Section 35 of Article III
of the Constitution of Texas.

          House Bill 78 is an act amending Title 61, Revised
Civil Statutes of Texas, 1925, by adding Article 3930b relating
to fees of county clerks and clerks of county courts.

          Section 35 of Article III of the Constitution of Texas
provides in part as follows:

          "'No bill * * * shall contain more than one sub-
     ject, which shall be expressed in its title.  But if
     any subject shall be embraced in an act, which shall
     not be expressed in the title, such act shall be void
     only as to so much thereof, as shall not be so expres-
     sed.'"

          Subparagraph. (a) (v) of Subsection B of Section 1 of
Article 3930b, Revised Civil Statutes of Texas, 1925, as added
by the provisions of House Bill 78, reads as follows:

- 624 -

"'(v) For mentally ill:  Total costs for all services listed in Article 5547-13, Article 5547-14 and Article 5547-15, Vernon's Civil Statutes of Texas, shall be in the amount of. . . . . . . $40.00.'"

Section 2 of House Bill 78 provides:

"All laws or parts of laws in conflict with the provisions of this Act are hereby repealed to the extent of conflict only, including but not limited to Article 3930a, Revised Civil Statutes of Texas, 1925; and Sections 13, 14 and 15, Chapter 243, Acts of the 55th Legislature, Regular Session, 1957 (Articles 5547-13, 5547-14, and 5547-15, Vernon's Texas Civil Statutes)."

The title to House Bill 78 provides:

"An Act to amend Title 61, Revised Civil Statutes of Texas, 1925, by adding Article 3930(b), relating to fees which county clerks and clerks of county courts shall receive for their services; containing a repealing clause repealing all laws and parts of laws in conflict, to the extent of conflict only, with the provisions of this Act; containing a saving clause; and declaring an emergency."

Thus, the title to House Bill 78 states that the bill :lates to fees which county clerks and clerks of county courts .all receive for their services.  It makes no mention of set-ng court costs for mentally ill cases and gives no notice in .e title that it will attempt to remove from the discretion the Court, under Article 5547-15, Vernon's Civil Statutes, thority for the court to allow reasonable compensation to at-rneys and physicians appointed by it under the Mental Health de.  The discretion of the Court and the costs of Court for ntal illness proceedings are nowhere mentioned in the title, r does the title reasonably cause one to foresee such an attempt the subject of the bill.

Article 5547-13 reads as follows:

"Upon the request of the county judge, the county attorney or the district attorney in counties having no county attorney shall represent the State in commitment hearings under this Code."

Article 5547-14, reads as follows:

"(a)  The county of legal residence of the pa-
tient shall pay the costs of Temporary Hospitaliza-
tion, Indefinite Commitment and Re-examination and
Hearing proceedings, including attorneys' fees
and physicians' examination fees, and expenses
of transportation to a State mental hospital or
to an agency of the United States.

"(b)  For the amounts of these costs actually
paid, the county is entitled to reimbursement by
the patient or any person or estate liable for his
support in a State hospital.

"(c)  Unless the patient or someone responsible
for him is able to do so, the State shall pay the
cost of transportation home of a discharged patient
and the return of a patient absent without authority.

"(d)  Neither the county nor the State shall pay
any costs for a patient committed to a private
hospital."

Article 5547-15 reads as follows:

"The county judge may allow reasonable compen-
sation to attorneys and physicians appointed by
him under this Code.  The compensation paid shall
be taxed as costs in the case."

Neither Articles 5547-13, 5547-14, nor 5547-15 con-
cern "fees which county clerks and clerks of county courts shall
receive for their services".

In construing the provisions of Section 35 of Arti-
cle III of the Constitution of Texas, the Supreme Court of Texas
has stated on numerous occasions that the caption of an amend-
ing act is not necessarily deficient because it merely states
that a particular prior law or particular section thereof is
being amended and does not give further particulars.  State v.
McCracken , 42 Tex. 383 (1875); Gunter v. Texas Land & Mortgage
Co. , 82 Tex. 496, 17 S.W. 840 (1891); English & Scottish-American
Mortgage & Investment Co., Ltd. v. Hardy, 93 Tex. 289, 55 S.W.
169 (1900); Board of Water Engineers v. City of San Antonio,
155 Tex. 111, 283 S.W.2d 722 (1955); Schlichting v. Texas State
Board  of Medical Examiners, 310 S.W.2d 557 (Sup.Ct. 1958).

This rule, however, has its limits.  The Court

stated in <u>Board of Water Engineers v. City of San Antonio</u>, supra:

".. . .if the provisions of the law or section
to be amended involve a subject different from that
actually dealt with in the body of the amending act,
a reading of the former will not disclose to the
reader the true subject of the amending act but, on
the contrary, will mislead him as to the latter. . ."

Therefore, the Court noted in footnote 3 at 283 S.W.2d,
page 727, the following:

"'The courts of this state have held that a
reference to a number of an article in a code,
such as our Revised Statutes, is sufficient in
the title of an act amendatory thereof, to allow
any amendment germane to the subject treated in
the article referred to. English & Scottish-
American Mortgage & Investment Co. v. Hardy, 93
Tex. 289, 55 S.W. 169; State v. McCracken, 42
Tex.[383] 384. The reason for the holding
appears to be that the naming of the article
to be amended directs attention to all of the
provisions therein, as the subject of the
amending act, and that such provisions can be
ascertained by reading the article to be
amended. However, when the Legislature re-
stricts the title of an amendatory act by
reference to the number in the code of the
article amended, and announces its purpose
to deal with the original bill in respect to
particular matters therein, it is bound to
govern itself accordingly, and keep within
what it had itself declared would be the limits
of its proposed action. Sutherland Statutory
Construction (2d Ed.), vol. 1, § 139; State v.
American Sugar Refining Co., 106 La. 553, 31 So.
181, 186.'"

Likewise it was held in <u>Harris County Fresh Water Supply
District No. 55 v. Carr</u>, 372 S.W.2d 523 (Sup.Ct. 1963):

"The deceptive feature of the title is thus
apparent. A reader is misled into believing that
the bill will have no application to any type of
water district except the two which are specified
in the title, and that the purpose of the Act is
to establish restrictions with respect to these
two types of districts. But the intended effect

of the Act is to prohibit the creation of any type
of water district other than the two mentioned. . . ."

See also Ward Cattle & Pasture Co. v. Carpenter, 109 Tex. 103,
200 S.W. 521 (1918); Gulf Insurance Co. v. James, 143 Tex.
424, 185 S.W.2d 966 (1945); Feagin v. State, 310 S.W.2d 99
(Tex. Crim., 1958).

In view of the foregoing you are advised that the
provisions of House Bill 78 purporting to repeal the provi-
sions of Articles 5547-13, 5547-14 and 5547-15, Vernon's Civil
Statutes, and purporting to fix costs for all services listed
therein are in violation of the provisions of Section 35 of
Article III of the Constitution of Texas.

### S U M M A R Y

House Bill 78, Acts of the 60th Legislature,
Regular Session, 1967, Chapter 680, Page 1785, is
an act amending Title 61 of the Revised Civil
Statutes of Texas, 1925, by adding Article 3930b
so as to provide certain fees which county clerks
and clerks of county courts shall receive for
their services. The provisions of House Bill 78
which purport to repeal the provisions of Articles
5547-13, 5547-14 and 5547-15, Vernon's Civil Stat-
utes (relating to fees of attorneys and physi-
cians in certain cases) are in violation of the
provisions of Section 35 of Article III of the
Constitution of Texas, since the title to House
Bill 78 gave no notice of an attempt to repeal
or amend such Articles.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves and
Malcolm L. Quick
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman

Dyer Moore, Jr.
Neil Williams
Pat Bailey
Harold Kennedy

A. J. CARUBBI, JR.
Staff Legal Assistant