

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 31, 1969

Mr. Wilson E. Speir, Director
Department of Public Safety
5805 North Lamar Blvd.
Box 4087
Austin, Texas 78751

Opinion No. M-442

Re: The Validity of Sub-section 4a
of Section 3 of Article 6687b,
as Amended by Section 1,
Senate Bill 78 of the 61st
Legislature, R.S., 1969

Dear Mr. Speir:

You have requested our opinion on the constitutionality of Sub-section 4a of Section 3 of Article 6687b, as amended by Section 1, Senate Bill 78 of the 61st Legislature, R.S., 1969. Article 6687b is commonly known as the Texas Driver's License Act.

In your letter, you state:

> "We would like to have your opinion as to whether there is sufficient notice in the caption of Senate Bill No. 78 to make constitutional this change in Sec. 4a. We believe that the language in the caption 'amending Section 3, Chapter 173, Acts of the 47th Legislature, Regular Session 1941, as amended (Article 6687b, Vernon's Texas Civil Statutes)' gives no notice that the Legislature intended to change Section 4a. We therefore believe that Section 4a as amended by Chapter 350, Acts of the 59th Legislature, Regular Session, 1965, is still the law in Texas."

Section 35, Article III of the Texas Constitution, states:

> "Sec. 35. No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

-2192-

The title of Senate Bill 78 of the 61st Legislature, R.S., 1969, is as follows:

"AN ACT

relating to certain persons who are exempt from being
required to have a driver's license because of certain
service in the armed forces; amending Section 3, Chapter
173, Acts of the 47th Legislature, Regular Session, 1941,
as amended (Article 6687b, Vernon's Texas Civil Statutes);
and declaring an emergency."

Sub-section 4a of Section 3 of Article 6687b, as amended by Section 1 of
Senate Bill 78 of the 61st Legislature, R.S., 1969, reads:

"4a. A person operating a commercial motor vehicle, the
gross weight of which does not exceed six thousand (6,000)
pounds as that term is defined in Article 6675a-6 of the
Revised Civil Statutes of Texas, operated in the manner and
bearing current form registration plates as provided in
Article 6675a-6a of the Revised Civil Statutes, who holds an
operator's license, shall not be required to obtain a com-
mercial operator's license."

This Sub-section, prior to Senate Bill 78 of the 61st Legislature, R.S. 1969,
read:

"4a. A person operating a truck with a manufacturer's
rated carrying capacity not to exceed 2,000 pounds, which is
intended to include trucks commonly known as pickup trucks,
panel delivery trucks, station wagons, and carry-all trucks,
who holds an operator's license, shall not be required to
obtain a commercial operator's license."

In construing the provisions of Section 35 of Article III of the Constitution of
Texas, the Supreme Court of Texas has stated on numerous occasions that the
caption of an amending act is not necessarily deficient because it merely
states that a particular prior law or particular section thereof is being amended
and does not give further particulars. State v. McCraken, 42 Tex. 383 (1875);
Gunter v. Texas Land & Mortgage Co., 82 Tex. 496, 17 S.W. 840 (1891);
English & Scottish-American Mortgage & Investment Co., Ltd. v. Hardy, 93
Tex. 289, 55 S.W. 169 (1900); Board of Water Engineers v. City of San Antonio,
155 Tex. 111, 283 S.W. 2d 722 (1955); Schlichting v. Texas State Board of Medical
Examiners, 310 S.W. 2d 557 (Sup. Ct. 1958).

However, this rule is not without limitation. The Court stated in Board of Water Engineers v. City of San Antonio, supra:

". . . if the provisions of the law or section to be amended involve a subject different from that actually dealt with in the body of the amending act, a reading of the former will not disclose to the reader the true subject of the amending act but, on the contrary, will mislead him as to the latter . . ."

Therefore, the Court noted in footnote 3 at 283 S. W. 2d, page 727, the following:

" 'The courts of this state have held that a reference to a number of an article in a code, such as our Revised Statutes, is sufficient in the title of an act amendatory thereof, to allow any amendment germane to the subject treated in the article referred to. English & Scottish-American Mortgage & Investment Co. v. Hardy, 93 Tex. 289, 55 S. W. 169; State v. McCraken, 42 Tex. [383] 384. The reason for the holding appears to be that the naming of the article to be amended directs attention to all of the provisions therein, as the subject of the amending act, and that such provisions can be ascertained by reading the article to be amended. However, when the Legislature restricts the title of an amendatory act by reference to the number in the code of the article amended, and announces its purpose to deal with the original bill in respect to particular matters therein, it is bound to govern itself accordingly, and keep within what it had itself declared would be the limits of its proposed action. Sutherland Statutory Construction (2d Ed.), vol. 1, Sub-section 139; State v. American Sugar Refining Co., 106 La.553, 31 So. 181, 186.' "

Likewise it was held in Harris County Fresh Water Supply District No. 55 v. Carr, 372 S. W. 2d 523 (Sup. Ct. 1963):

"The deceptive feature of the title is thus apparent. A reader is misled into believing that the bill will have no application to any type of water district except the two which are specified in the title, and that the purpose of the Act is to establish restrictions with respect to these two types of districts. But the intended effect of the Act is to prohibit the creation of any type of water district other than the two mentioned. . . ."

In Fletcher v. State, 439 S.W. 2d 656 (Sup. Ct. 1969), the Court held:

"The main subject of the Act is stated in the caption as
being that related to the licensing of polygraph examiners.
The expression of a purpose in the caption of an act relating
to the licensing of polygraph examiners and the creation
of a Polygraph Examiners Board fails to give notice that
embodied in the Act is Section 2 (5) which includes the regu-
lation of all persons who use any device (such as a B & W
Lie Detector) to test or question individuals for the purpose
of verifying truth of statements. We therefore hold that the
language used in the title of the Act is not sufficient to prop-
erly advise the Legislature and the public as to the real
subject of the Act. See Gulf Insurance Company v. James,
143 Tex. 424, 185 S.W. 2d 966, 970 (1945); Arnold v.
Leonard, 114 Tex. 535, 273 S.W. 799 (1925)."

A similar holding is found in White v. State, 440 S.W. 2d 660 (Tex. Crim.
1969):

"The application of the above announced principles and
authorities to the case at bar is too plain to require further
discussion. Even the most liberal of constructions will not
be enough to uphold the act. The language of the 1967
act clearly imports that the act is to be amended in the
stated particulars. No fair notice was given of any intent
to make the drastic and radical changes in the penalty
provisions that were made or to eliminate penalties for other
offenses provided for by the act being amended, and which
goes a long way in destroying the very effect of the stated
policy and intent of the overall act."

The title of the amendatory act here refers specifically to exempting persons
required to have a driver's license because of certain service in the armed forces.
The actual subject matter contained in the amendatory act's Sub-section 4a extends
an exemption to other persons because of their operation of commercial motor
vehicles, a subject not mentioned in the title of the amendatory act. Had the
act's title omitted the express limitation "because of certain service in the armed
forces", the subject matter would have been sufficiently broad to place a reader
on notice that the proposed amendment intended to deal with all classes of persons
who shall be exempt from obtaining a commercial operator's license. However,
the title of the amendatory act here is expressly restricted to those persons who
are exempt because of certain service in the armed forces. Therefore, we conclude
that the amendatory act's title does not advise the Legislature and the public as to

the real subject of Sub-section 4a of Section 3, as amended by Section 1 of Senate Bill 78 of the 61st Legislature, R.S., 1969. As the subject contained in Sub-section 4a of Section 3 was not expressed in the title, such Sub-section is void. However, the portion of the amendatory act which relates "to certain persons who are exempt from being required to have a driver's license because of certain service in the armed forces" is valid.

## SUMMARY

Sub-section 4a of Section 3 of Article 6687b, Vernon's Civil Statutes, (Senate Bill 78, 61st Legislature, R.S. 1969) is invalid, being in violation of the provisions of Section 35 of Article III of the Texas Constitution. The title to Senate Bill 78 gives no notice of an attempt to broaden the category of persons exempt from obtaining a commercial operator's license other than those who will be exempt because of certain service in the armed forces. That portion of the amendatory act relating to license exemption because of certain service in the armed forces is valid.

Very truly yours,

Crawford C. Martin
Attorney General of Texas

Prepared by James H. Cowden
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Richard Chote
Linward Shivers
Neil Williams
James Quick
Tom Sedberry

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant